W. & J. HILL vs. A. & A. BUFORD, Ex'rs, &c.

A, being bound as endorser for B, on a note in bank, B executed an obligation with C as security, binding themselves to "secure and keep safe the said A from all loss or damage he might sustain" on account of such endorsement. A died, and the note becoming due, E and F, his executors, renewed the note in their name, and had to pay the last note. E had the amount paid by him allowed against A's estate. It was not shewn that F had had his claim allowed.

Held,

That E and F, as executors of A, might recover for the whole amount paid them—and the jury might infer that the payment by F was made for the estate of A.

APPEAL from Monroe Circuit Court.

TODD, for Appellants,

Seeks to reverse the judgment below for these reasons :

1. The admission of illegal, incompetent and irrelevant testimony. *First*, the deposition of Robertson, (book-keeper of the bank,) to prove the contents of his books, and the acts of the officers of the bank in discounting and renewing notes. *Second*, the admission of Abraham Buford, jr., to prove the loss of the original note, by applying to the bank for it—the same never having been in his possession. *Third*, the admission of the note due in May, 1841, without proof of an original, and *being duly executed;* and of any notes other than that in original agreement without accounting for non-production, and the execution by the parties of such notes—of Davis' judgment in the county court—as incompetent and irrelevant.

2. The first instruction, as in case of a non-suit, should have been given. *First*, there was no evidence to prove payment, by the administrators, of the note of about $800, existing in January, 1840, or of the testator's payment—even the note is not produced as presumptive evidence of payment, nor its loss accounted for. *Second*, there is no legal evidence of the continued renewal of that original in the bank to identify the same indebtedness. No such notes are produced or proven nor their loss accounted for. *Third*, the evidence of Abraham Buford, jr., endorsing the note due in May, 1841, of an alleged balance of the indebtedness, is a new contract between him and the other makers, and the liability thereon is a legal one, in his own right, and does not enure to the administrators on the contract sued upon. *Fourth*, if by

substitution, Abraham Buford, jr., by making and paying the last named note, became entitled to the contract with testator, it is in his own right, and his remedy is in equity, so far as he paid. *Fifth*, although Abraham Buford, jr., and Davis, paid parts of the last note of May, 1841, to the bank upon judgments, yet there is no evidence that the estate of the testator was damnified, for neither persons were paid out of the estate—for the judgment of Davis, in the county court, has not been paid, nor Abraham Buford, jr., refunded out the estate. *Sixth,* the original note existing in January, 1840, is still outstanding against the makers; the plaintiff never paid it, or their testator; it is not lost or out of the power of plaintiffs to produce if they paid it, or their intestate, they have produced no discharge of the makers.

Kirtley, for Appellees.

In support of the judgment of the circuit court, I rely :

1. That the action is rightfully conceived, and brought by the plaintiffs as executors of the will of Abraham Buford, deceased, and could be sustained in no other form.

2. The court rightfully admitted in evidence the notarial protest and copy of the note for $562.

3. Drydon's and Robertson's testimony is neither hearsay nor secondary, but a detail of facts within their own knowledge, and was properly admitted.

4. There was no secondary evidence given of entries in the books of the bank of Missouri, for the reason that said books, (if they had contained entries in relation to the subject matter of this suit,) nor copies of them, would have been legal or competent evidence against these defendants. 1 Stark. 292–3, and cases referred to; 1 Ph. Ev. 422; 3 J. R. 226; Greenleaf on Ev. 589, p. 102, § 474, p. 526; 10 J. R. 445, Southwick vs. Stevens 5.

5. The record and proceedings of the Ralls circuit court, in the case of the bank for the recovery of the $562, was properly admitted in evidence, with the parol evidence also given, it was proper to show the amount of damages, costs and expenses incurred by the executors of Abraham Buford, deceased, on account of defendants' breach of their agreement, and they could as well recover the costs and charges as damages sustained, as the debt and interest due by the note.

So likewise of the record of the allowance by the county court of Ralls, of the $215 46, against the estate of Abraham Buford, deceased, paid by Davis on the bank debt. It was all that could have been read

W. & J. Hill vs. A. & A. Buford, ex'rs, &c.

in evidence, or that relates to the subject matter of the suit, or of the allowance.

6. The admissions of Jas. Hill, of Saml. Hill's indebtedness to the bank, and his difficulty in meeting the instalments on the note, proven by Emmerson, was relevant and proper evidence.

7. The motion of defendants to the court for an instruction, directing the jury that the plaintiff could not recover, was rightfully overruled, as plaintiffs had fully proved the agreement sued on, the testator's performance, the defendant's breach of that agreement and the several sums of money paid by the executors on the bank debt, which the Hills should have discharged.

8. The other eight instructions, asked by defendant, were rightfully overruled.

NAPTON, J., delivered the opinion of the court.

The defendants in error, who were executors of the estate of Abraham Buford, deceased, sued Wesley and James Hill in assumpsit, upon a special contract, and recovered a verdict and judgment for $375 74; which the said W. & J. Hill now seek to reverse.

The facts, as preserved by the record, appear to have been these : On the 10th June, 1840, the plaintiffs in error executed the following instrument, which is the foundation of the present suit : "Be it remembered that Abraham Buford, sr., and Samuel Hill, both of Ralls county, Missouri, is indebted to the bank of Missouri, at St. Louis for $800, or thereabouts, amount not recollected precisely, which debt is a joint one between the parties aforesaid; and the said Samuel Hill, for the purpose of securing the said Buford from loss on account of the note aforesaid, placed in the hands of Mr. Hays a note which he held on the said Buford, for $333 1-3; now the said Hill wishes to withdraw the said note out of the hands of the said Hays, and for that purpose we do bind ourselves to secure and keep safe the said Abraham Buford from all loss or damage he may sustain on account of the proportion of said note which the said Samuel Hill would be bound to pay—provided the sai note is given up to the said Samuel Hill, which is in the hands of the said Hays. Witness our hands, &c , this &c., Wesley Hill—James Hill." The note of A. Buford, sr., in the hands of Hays, was given up in pursuance of the above agreement. It appears that the note of S. Hill and S. Davis, endorsed by Abraham Buford, sr., for one thousand dollars, was discounted by the bank at St. Louis, on the 15th January, 1839, at it was renewed from time to time until it was reduced to the

sum of $562, when it was forwarded to the branch bank at Palmyra, where, upon its maturity, Abraham Buford, jr., became endorser instead of A. Buford, sr., and this note matured 29th May, 1841. Two suits were instituted by the bank upon this note, one against Abraham Buford, jr., the other against Samuel Hill and Simeon Davis; and judgment obtained in both suits; $4.35 was paid by A. Buford, jr., and $204 93 was paid by Major Hays. Letters of administration had been granted on the estates of A. Buford, sr., deceased, on 20th October, 1840, to Alexander and Abraham Buford, jr., the defendants in error. The amount paid by Davis, (through Major Hays), was allowed by the county county against the estate of A. Buford, sr., deceased, $215 46.

Objections were taken in the progress of the cause to the competency of the evidence which was introduced, and to the relevancy of a portion of it. When the plaintiffs had closed their testimony, the defendants asked the court to instruct as in case of a non-suit, but the court refused so to decide the law. The defendants then applied for several instructions, in substance declaring the law to be, that if the note mentioned in the contract sued upon, was taken up by the renewal of a note upon the credit of Abraham Buford, jr., in place of A. Buford, sr., the plaintiffs could not recover.

This was an express contract on the part of W. &. J. Hill, that they would "secure and keep safe the said Abraham Buford, sr., from all loss or damage he might sustain," on account of his liability for Samuel Hill's bank debt. The contract was a written one, and founded on sufficient consideration, and the only question in this suit seems to be, whether the said A. Buford, sr., has sustained any loss or damage by reason of his said securityship, for the debt of said Hill. It appears that in 1840, Abraham Buford, sr., died, and that shortly after his death his son and executor of his will, Abraham Buford, jr., substituted a note, endorsed by himself, for the note endorsed by his father; Samuel Hill and Simeon Davis being on the second note as the makers thereof, as they had been on the first. This second note was collected by the bank, and the entire amount, paid by A. Buford, jr., and the estate of A. Buford, sr.; the amount paid by Davis had been allowed by the county court against the estate, though there was no evidence at the trial to show that the amount paid by A. Buford, jr., had been allowed in the settlement of his account as executor of the estate of his deceased father.

If Abraham Buford, jr., and Simeon Davis had been mere volunteers, and not otherwise connected with the transaction, except so far as they are seen renewing the note of Samuel Hill and Abraham Buford, sr.,

no assumpsit would arise in their favor against the securities of S. Hill. But we think the jury were well warranted from the facts, that A. Buford, jr., was the executor of his father's estate, and that Simeon Davis was on the original note, in inferring that this substitution of the new note of A. Buford, jr., and S. Davis, for the old note of A. Buford, sr., was done for the benefit of the estate of A. Buford, sr., and at the request of the executors who managed the interests of that estate.

So far as the amount of $215 46, which was paid by Davis, is concerned, that was allowed against the estate of A. Buford, sr., by the county court, and though no allowance was proved to have been made in the settlement of the administration account, by the executors, of the amount paid by A. Buford, jr., yet it was manifestly a payment on behalf of the estate, and therefore chargeable against the same.

The other Judges concurring, judgment affirmed.