THE STATE, Appellant, *vs.* BOHANNON, Respondent.

1. Under the 38th section of the 2d article of the act concerning crimes and punishments, (R. C. 1845,) an indictment which charges that the defendant, " on, &c., at, &c., in and upon one D. L. *unlawfully and feloniously* an assault did make, and with a certain rock the said L. *unlawfully and feloniously* did then and there beat, bruise and wound, in and upon the head of him, said L., and did then and there bite off the thumb of him, said L., whereby he, the said L., was then and there greatly maimed, wounded and disfigured, and received great bodily harm, contrary," &c., is good. (*The State* v. *Bailey*, ante, affirmed.)

*Appeal from Laclede Circuit Court.*

The defendant was indicted under the 38th section of the 2d article of the act concerning crimes and punishments, (R. C. 1845.) The indictment charged that the defendant, " on the 1st day of January, 1852, with force and arms, at the county of Laclede aforesaid, in and upon one Dyson Lovelace, in the peace of the state then and there being, unlawfully and feloniously an assault did make, and that the said Bohannon did then and there, with force and arms, unlawfully and feloniously, and with a certain rock, which he, the said Bohannon, in his right hand then and there had and held, the said Lovelace did then and there beat, bruise and wound in and upon the head of him, said Lovelace, and did then and there bite off the thumb

of him, said Lovelace, whereby the said Lovelace was then and there greatly maimed, wounded and disfigured, and received great bodily harm, contrary," &c.

A motion to quash this indictment was filed, and the following reasons assigned : 1. The indictment does not charge that defendant committed the assault on purpose and of his malice aforethought, in the words of the statute. 2. The indictment does not charge that the rock used by defendant was a deadly weapon. 3. There is no dangerous wound charged to have been inflicted with said rock. 4. The offence charged in the indictment is double.

This motion was sustained, and the circuit attorney excepted and appealed to this court.

*Gardenhire,* (attoney general,) for the State, submitted the case on brief.

No brief or appearance for respondent.

RYLAND, Judge, delivered the opinion of the court.

This indictment is under the 38th section of the 2d article of the act concerning crimes and punishments, (R. C. 1845,) and is good and sufficient under that section. There is no necessity to aver malice aforethought. The indictment is not drawn under the 33d section, but under the 38th, and there is no pretence for supposing the indictment not good and sufficient. It would puzzle any criminal pleader to draw a better indictment under this 38th section.

At this term of the court, we had another case before us complaining of the insufficiency of the indictment under this same section, (*The State* v. *Bailey,* ante,) and to the opinion in that case we refer as decisive of this.

It is to be regretted that the courts will still continue to quash indictments, instead of trying and punishing the guilty, and permitting the innocent to have the benefit of trial and acquittal. (See *State* v. *Jennings,* 9 Mo. 852. *Carrico* v. *State,* 11 Mo. 579. *McGrath* v. *The State,* 19 Mo. 678.)

There being not the slightest grounds to quash this indictment, the judgment of the Circuit Court is reversed, and the cause remanded for further proceedings therein ; the other judges concurring.