BOND, C.
— The appellant, Dow Helton, was convicted of a felonious assault and sentenced to two years in the penitentiary at the March term, 1910', of the circuit court of Shannon county. The prosecution was under the provisions of section 4482, Revised Statutes 1909.
On the trial there was evidence tending to show that the prosecuting witness, T. A. Stevens, and one Jack Bunyard, in January, 1901, were passing through Kellar’s Camp; that they observed appellant, Dow Helton, and two others fall in behind and follow their track three hundred yards, where they passed a house, into which the prosecuting witness and his companion had stopped for about five minutes to pay some lodge dues; that upon coming out of the house, the prosecuting witness and Bunyard followed in the wake of the appellant and his companions until all parties had gotten into a field, at a distance from each other of about seventy-five yards; that at this point the prosecuting witness took his knife out of his pocket, opened *561 it and placed it open back in his pocket; that at the same time appellant and those with him turned around and met the prosecuting witness and Bunyard about midway of the distance between them when they turned back.
As to what ensued the respective versions of the two parties are conflicting. The testimony of the prosecuting witness, Stevens, and Bunyard was to the effect that Bunyard spoke to Dow Helton, saying that he' thought he (Helton) was going to Summerville to-day; that Helton replied, “I didn’t go,” and thereupon turned to Stevens and addressed him, to-wit: “Tom, you had no right to hit Oscar Collar the other night;” that Stevens replied, “I don’t know;” that Helton rejoined, “You don’t, I am going to whip you.” To which Stevens responded, “I ain’t got anything agin you, and I don’t want to fight.” To that Dow Helton added, “You got to whip me or get whipped;” and thereupon pulled off his coat and laid it down; that he struck at the prosecuting witness three times, reaching him on the last stroke with a glancing blow;, that the prosecuting witness pulled his knife and struck him with it; that thereupon Helton pulled a revolver and struck the prosecuting witness on the side of the head, and shot him in the calf of the leg as he started to run, and snapped the pistol about a dozen times thereafter.
The account of the transaction given by the witnesses for the appellant was, in substance, to-wit: that upon the meeting of the two parties a colloquy took place, wherein Helton spoke to Stevens about having misused some boys at a dance “the other night,” to which Stevens replied, “You don’t look big 'to me; I would just as soon get hold of you as them boys;” that thereupon Helton pulled off his coat, and as he straightened himself up Stevens struck him with a knife; that thereupon Helton pulled his pistol and *562 struck Stevens with it on the side of the head; that Stevens drew back and attempted to make another lick and started to run and was shot in the leg.
Dow Helton testified in his own behalf that he had pulled off his coat to have a fair fight; that he made no attempt to pull a pistol until Stevens had struck him with a knife, and then he struck Stevens on the side of the head with the pistol, whereupon Stevens threw up his hand with the knife, and he thought he. would shoot if Stevens hit him again; that he shot intending to “kinder cripple him;” that he did not snap the pistol thereafter.
The result of the encounter, showed that Dow Helton received a knife wound in the twelfth rib, extending about three inches and striking the bone and that Stevens received a bullet in the calf of his leg.
The court submitted the case to the jury upon instructions, the first of which undertook to define the elements of the offense with which appellant was charged, and directed the jury if they found the facts thus hypothesized, from the evidence, they should find the appellant guilty as charged. The other instructions given by the court relate to the right of self-defense, credibility of witnesses, competency of appellant as a witness in his own behalf, and that the filing of an information was a mere formal charge and afforded no evidence of guilt on the part of appellant.
After unsuccessful motions for a new trial and in arrest, the cause was appealed to this court.
I. The information in this case was framed according to the provisions of section 4482, Revised Statutes 1909. That statute was reviewed by the court in the case of State v. Clayton, 100 Mo. 516. It was held to be a statutory felony, although it was only a misdemeanor at common law. It was ruled that “being thus a felony, it was indispensable that the indictment should charge that the act, to-wit, the assault, *563 was done with a felonious intent, because without a felonious intent there can be no felony.” This rule was observed in framing the information in the present case, which as to its charging parts is in the following words, to-wit: “Informs the court that Dow Helton, on or about the 30th day of January, 1910, at the said county of Shannon, State of Missouri, did then and there, in and upon the .body of one T. A. Stevens, then and there being, feloniously, on purpose and willfully, with a deadly weapon, to-wit, a pistol loaded with gunpowder and leaden balls, which the said Dow Helton then and there had and held, did then and there make an assault with the intent, him, the said T. A. Stevens, then and there to kill; against the peace and dignity of the State.”
An indictment containing the same language and based upon the same statute was before the court in the case of State v. Hendrickson, 165 Mo. l. c. 267. In speaking as to the sufficiency of the indictment in the case, the court said: “The word feloniously is used only once in the indictment, and then with respect to the character of, and the intent with which the.assault was committed. It in substance charges that Hendrickson feloniously made an assault upon the body of one D. S. Hanes, with a deadly weapon, to-wit, a knife, with intent to kill him. The indictment follows the language of the statute in defining the offense; and the offense being a statutory one, that is all that is necessary.”
Hence, it is clear that- the information in the case at bar contains a complete definition and charge of the statutory felony created in section 4482, R. S. 1909.
II. The next question is whether or not there was prejudicial error in the instructions. The first instruction is, to-wit:
“If you find and believe from the facts and circumstances in evidence in this case that this defendant *564 at any time about the 30th of January, 19101, in Shannon county, Missouri, did assault T. A. Stevens by then and there shooting him with a* pistol with intent to kill him or do him some great bodily harm, then you should find the defendant guilty as charged.”
The remainder of the instruction refers to the punishment specified in the statute.
It is a settled rule of law both in criminal and civil cases that an instruction which purports to cover the whole case and directs a’ finding, must embrace all the issues and the law applicable to them. It is but a corollary of this proposition that such an instruction in a criminal proceeding must not ignore any essential elem.ent of the offense charged, and that it cannot be pieced out by the contents of other instructions.
In speaking of this principle, this Division, in the case of State v. Lentz, 184 Mo. l. c. 235, having under review an instruction which failed to require the jury to find that the embezzlement or conversion of money by an agent was “without the assent of his employer,” said: “By this omission that instruction was erroneous, because it failed to require the jury to find from the testimony an essential element of the offense defined by the statute. . . . It is argued by respondent that instruction numbered 1 fully met this requirement, hence there was no error in the omission in number 2. That would be true if instruction numbered 2 was only applicable to some particular element of the offense, and undertook to direct the jury as to that alone; but an e.samination of instruction numbered 2 will demonstrate that it purports to cover the entire case, as doubtless it was intended to do.”
The giving of this instruction was error under the issues presented by the evidence. The essential infirmity in the instruction is, that it conditions the guilt of the appellant upon the bare “intent to kill or do some great bodily harm” in the act of shooting, without requiring any further finding as to whether that *565 “intent” was in furtherance of a “wrongful act willfully done,” or of a design to exercise the right of self-defense belonging to every man. The issue of self-defense was raised by the pleadings and the evidence. The court realized this fact and gave a separate instruction, submitting that issue to the jury. This, however, did not have the effect of remedying the exclusion of that phase of the case from the instruction under review, for it was so framed as to cover the entire case and direct a finding of guilt on the part of the appellant, provided he entertained any intent “to kill or do great bodily harm,” regardless of the fact that such intent would have been entirely justifiable if the jury believed he was acting solely in self-defense. The fault of the instruction is, that it only required the finding of an “intent to kill or do great bodily harm,” whether justifiable and innocent or wrongful and willful, to make it the duty of the jury to bring in a verdict of guilt. j If the separate instruction, given by the court, as to the right of self-defense had been hypothesized in the instruction under review by inserting a clause definitive of the intent between the words “harm” and “then,” such as, to-wit, “And that such shooting was not done under circumstances which justify it as an act of self defense as defined in another instruction” (State v. McNamara, 100 Mo. l. c. 105), it would have-properly embraced all the issues presented in this case; or, if a clause tantamount to the following, to-wit, “Without just cause or provocation, as is explained in another instruction, ’ ’ had been aptly inserted in the instruction, it would have been a correct exposition of the law governing the guilt or innocence of the appellant.
It was not necessary, as counsel for appellant contends, that the word “feloniously” should have been used in the instruction. That word is employed in an indictment or information to classify the offense. It is by no means essential that the word “feloniously” *566 should be used in the instructions to the jury. [State v. Cummings, 206 Mo. l. c. 623-624]
The vice of tbe instruction under review is that it contained no word descriptive of tbe “intent” of tbe shooting, equivalent to those herein suggested, and that it made it the absolute duty of the jury to return a verdict of guilt without finding that appellant was actuated by the wrongful and willful intent contemplated by the statute.. It did not contain a full and complete presentation of the issues and the law applicable to. them..
For these reasons, the cause is reversed and remanded for a new trial.
Boy, G., concurs.
PER CURIAM:
— The foregoing report of the commissioners is hereby adopted as the opinion of the court.