STATE v. MILLARD R. HOWARD, Appellant.—No. 39345.—188 S. W. (2d) 17.

Division Two, June 11, 1945.

*J. K. Owens* for appellant.

*J. E. Taylor,* Attorney General, and *Frank W. Hayes,* Assistant Attorney General, for respondent.

■ TIPTON, J.—A grand jury of Jackson County, Missouri, returned an indictment in the circuit court of that county charging the appellant with murder in the first degree for the killing of his wife, Maxine R. Howard. His trial in that court resulted in his conviction of murder in the second degree and he was sentenced to imprisonment in the State Penitentiary for a term of forty years.

No question is raised as to the sufficiency of the evidence to sustain the conviction. Appellant contended that he was insane when the deceased was killed, and, also, that he killed her in self-defense.

The trial court instructed the jury on murder in the first degree, murder in the second degree, and manslaughter. The court, also, instructed the jury on insanity and on appellant's plea of self-defense.

The appellant contends that instruction No. 3 is erroneous, and that instruction reads as follows:

"If you find the defendant not guilty of murder in the first degree, then you will consider whether or not under the testimony in this case, of which you are the sole judges, the defendant is guilty of murder in the second degree.

"'Murder in the second degree' is the killing of a human being feloniously, wilfully, premeditatedly and with malice aforethought, but without deliberation.

"Bearing in mind the definitions set forth and used in instruction No. 2, the court instructs you, therefore, that if you find and believe from the evidence in the case, beyond a reasonable doubt, that at the county of Jackson and State of Missouri, on the 27th day of March, 1943, the defendant herein, Millard R. Howard, did feloniously, wilfully, premeditatedly and with malice aforethought, but not deliberately, with a certain revolving pistol, and that the same was then and there a dangerous and deadly weapon, shoot one Maxine Howard, *not in the lawful defense of his person, as such defense is explained in other instructions given herein,* then and there and thereby inflicting upon her, the said Maxine Howard, a mortal wound, and that from said mortal wound, if any, the said Maxine Howard, within one year next, to-wit, on the 27th day of March, 1943, at the county of Jackson and State of Missouri, died, then you will find the defendant guilty of murder in the second degree, and assess his punishment at imprisonment in the State Penitentiary for any term not less than ten years.

"*And unless you find the facts to be as above stated, you will acquit the defendant of murder in the second degree.*" (Italics ours.)

The appellant contends that this instruction deprived him of his defense of insanity. That is to say, this instruction ■ told the jury

under what circumstances the jury could find the appellant guilty; and while it mentioned the defense of self-defense, it did not in any manner state anything about his defense of insanity, and, therefore, it led the jury to believe that his only defense was self-defense, and it was error not to mention his plea of insanity. Appellant relies upon the cases of State v. Gabriel, 301 Mo. 365, 256 S. W. 765; State v. Slusher, 301 Mo. 285, 256 S. W. 817; State v. Welch, 311 Mo. 476, 278 S. W. 755.

On the other hand, the respondent contends that since the court gave separate instructions covering both his plea of self-defense and his plea of insanity, it was not necessary to mention these two defenses. Respondent relies upon our cases of State v. Murphy, 338 Mo. 291, 90 S. W. (2d) 103, l. c. 112, and State v. Logan, 344 Mo. 351, 126 S. W. (2d) 256. In fact, respondent contends that the identical question was ruled against appellant in the Murphy case. In ruling that case we said:

"The court gave two principal instructions for the state, one on first degree murder and one on second degree murder. The former required the jury to find the appellant killed the deceased feloniously, willfully, deliberately, premeditatedly, and of his malice aforethought. The latter made the same requirements, save that it excluded the element of deliberation. The court also gave an instruction on the defense of insanity of which appellant does not complain. But error is assigned, in that the two principal instructions did not mention the defense of insanity and contain a proviso or saving clause with respect thereto. On this point appellant cites: State v. Helton, 234 Mo. 559, 137 S. W. 987; State v. Gabriel, 301 Mo. 365, 374, 256 S. W. 765, 767; State v. Malone, supra, 327 Mo. 1217, loc. cit. 1234, 39 S. W. (2d) 786, 793; State v. Johnson, 334 Mo. 10, 20, 64 S. W. (2d) 655, 659.

"An examination of these cases will show that in each of them, except possibly the Johnson case, the principal instructions complained of called for a conviction *in spite of* the defenses interposed. In other words, they were so phrased that they failed to negative the existence of the defenses relied on, and they were inconsistent with other instructions presenting those defenses. But in the instant case the principal instruction on murder in the first degree (we need not consider the instruction on murder in the second degree, since the appellant was not convicted thereunder) required the jury to find that the appellant 'feloniously, wilfully, deliberately, premeditatedly, and of his malice aforethought' killed the deceased. If the appellant did do that, he was not insane; and therefore the jury could not have been misled by the omission from the instruction of a proviso mentioning the defense of insanity, which latter was fully covered by another instruction. State v. Douglas, 312 Mo. 373, 403, 278 S. W. 1016, 1025; State v. Lewis, 248 Mo. 498, 504, 154 S. W. 716, 719; State v. Aurentz, 315 Mo. 242, 250, 286 S. W. 69, 72; State

v. Glass, 318 Mo. 611, 616, 300 S. W. 691, 693; State v. Albritton, supra, 328 Mo. 349, 366, 40 S. W. (2d) 676, 681.''

In the Murphy Case, supra, the sole defense was insanity and the objection to the instruction on murder in the first degree was that it did not mention defendant's defense of insanity, although a separate instruction on insanity was given. That case is distinguishable from the case at bar. In the case before us, the instruction did mention appellant's plea of self-defense but failed to mention his plea of insanity, although a separate instruction was given on each defense.

If the questioned instruction had omitted this clause, ''. . . not in lawful defense of his person, as such defense is explained in other instructions given herein,'' then the Murphy Case would have been in point. Since it did contain this clause, and did not mention his plea of insanity, it deprived appellant of that defense. This instruction ended with this sentence, ''And unless you find the facts to be as above stated, you will acquit the defendant of murder in the second degree,'' which, in effect, told the jury that the appellant could be acquitted only on the ground of self-defense and, therefore, conflicted with the instruction on insanity.

For the reasons stated, the judgment and sentence should be reversed and the cause remanded. It is so ordered. All concur.