STATE v. ROBERT WATSON, JOSEPH WATSON and JOSEPH BURROUGHS, Appellants.—No. 40190.—202 S. W. (2d) 784.

Division Two, June 9, 1947.

*Byron Kearby* for appellants.

. *J. E. Taylor*, Attorney General, and *Frank W. Hayes*, Assistant Attorney General, for respondent.

■ BOHLING, C.—Robert Watson, Joseph Watson and Joseph Burroughs were convicted of felonious assault with intent to do great bodily harm and prosecute this appeal. Robert Watson received a sentence of three years' imprisonment in the Intermediate Reformatory for Boys at Algoa, Missouri. Joseph Watson and Joseph Burroughs were each sentenced to two years' imprisonment in the penitentiary.

■ Defendants contend instruction No. 1, submitting felonious assault with intent to do great bodily harm under Sec. 4409, R. S. 1939,* was erroneous "for the reason that it is broader than the proof and the information."

Several sections of our statutes define the offense of an "assault" in different degrees. So far as essential here, they read:

Section 4408: "Every person who shall, on purpose and of malice aforethought, shoot at . . . or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill . . . " shall be punished.

Section 4409: "Every persons who shall be convicted of an assault with intent to kill, or do great bodily harm, . . . the punishment for which assault is not hereinbefore prescribed" shall be punished.

Section 4410: "If any person shall be maimed, wounded or disfigured, or receive great bodily harm . . . by the act, procurement or culpable negligence of another, in cases . . . which would constitute murder or manslaughter if death has ensued, the person . . . shall, in cases not otherwise provided for, be punished . . . "

An assault may exist without an actual battery and a battery may occur without malice aforethought and without an intent to kill or harm.

*References are to Revised Statutes 1939, unless otherwise specifically indicated.

Briefly on the evidence. Bad feeling existed between Robert Watson and Carl Collard, the son of Leon Collard. Defendants were in an automobile and recognized the Collard car. They "flagged" it down six miles east of Poplar Bluff, Missouri, about 8:30 P. M. August 23, 1946. Mr. and Mrs. Leon Collard were the only persons in their car. The State's evidence, if believed, establish the following: Defendants proceeded to the Collard automobile, two of the defendants having knives in their hands. Mr. and Mrs. Collard did not know the defendants ■■■■ at the time. When Collard, in response to an inquiry, answered that he was Carl Collard's father, he was struck twice on the face while at the wheel of the car. He and Mrs. Collard immediatly got out on the other side of their car. The defendants came around the car and attacked Collard; got him down in the roadside ditch, made several threats to kill him, and one or more of the defendants beat him with their fists and stamped him on his shoulder and throat with their shoes; causing him to spit blood for three days and to lose his speech for two weeks. This fighting stopped when Mrs. Collard, after several statements, convinced them they were not fighting Carl but were fighting his father. This was sufficient to submit an issue of felonious assault. Consult State v. Webb, 266 Mo. 672, 680(I), 182 S. W. 975, 976[1, 2]; State v. Janke, 238 Mo. 378, 141 S. W. 1136.

■■ With respect to facts in the instant record: An essential element of an offense under Sec. 4408 is a charge that the assault was committed "on purpose and of malice aforethought." State v. Harris, 209 Mo. 423, 440(III), 108 S. W. 28, 33(3); State ex rel. v. Sevier, 336 Mo. 1236, 1238[1, 2], 83 S. W. 2d 581[1, 2]. An essential element of an offense under Sec. 4409 is a charge that the assault was "with intent to kill" or "with intent to do great bodily harm." State v. Johnson, 318 Mo. 596, 603, 300 S. W. 702, 704[6]; State v. Baird, 271 Mo. 9, 13(I), 195 S. W. 1010, 1012[1]; State v. Gabriel, 301 Mo. 365, 371(I), 256 S. W. 765, 766[2, 3]; State ex rel. v. Sevier, supra. A distinguishing feature here involved is that under Sec. 4408 malice aforethought must exist while under Sec. 4409 it is sufficient if an intent to kill or to do great bodily harm exists. A charge under Sec. 4410, the maiming, wounding and disfiguring section, need not allege "that the act was done willfully, intentionally, with malice, or with a deadly weapon." State v. Gabriel, supra, citing cases. The allegation that the assault was "with intent to kill, or to do great bodily harm" distinguishes a charge under Sec. 4409 from one under Sec. 4410. State v. Brown (Mo.), 267 S. W. 871, 872[3]. Note instructions in State v. Tetrick, 199 Mo. 100, 97 S. W. 564.

The charging part of the information under review read: ". . . defendants . . . did . . . feloniously assault one Leon Collard, by striking, beating and wounding him with their fists and by

kicking. and stamping him with their feet shod with heavy shoes, with great force and violence which would likely produce great bodily harm and death . . . " The charge contained no allegation of malice or of an "intent" to kill or to do great bodily harm. It was sufficient under Sec. 4410. State v. Porter (Mo.), 81 S. W. 2d 316, 318[4]. See State v. Brown, supra.

Instruction No. 1 told the jury if they found, beyond a reasonable doubt, "that . . . defendants . . . [naming them], acting together . . . , did . . . feloniously . . . make an assault upon one Leon Collard, with intent to do him some great bodily harm, and did then and there strike . . . [et cetera] the said Leon Collard . . . and did then and there inflict on said Leon Collard great bodily harm, then you will find" defendants "guilty of assault as charged in the information" and assess the punishment at not exceeding five years' imprisonment. Instruction No. 2 told the jury that "the intent with which an act is done" may be established by direct evidence or may be inferred from the facts and circumstances in evidence. Instruction No. 3 submitted whether defendants were guilty of the misdemeanor of common assault, the offense defined by Sec. 4411.

The phrase "with intent to do him some great bodily harm" brought instruction No. 1 under Sec. 4409 and caused it to be broader than the information and improper. Instruction No. 2 emphasized the error. State v. Bunyard, 253 Mo. 347, 355(III), 161 S. W. 756, 758[2]. Consult also cases infra.

Under the Missouri constitution an accused may not be prosecuted "otherwise than by indictment or information" (Art. I, Sec. 17), and is entitled to ▆▆ know "the nature and cause of the accusation" (Art. I, Sec. 18a). Consult Art. I, Sec. 10.

Section 4845 provides: "Upon an indictment for an assault with intent to commit a felony, or for a felonious assault, the defendant may be convicted of a less offense; and in all other cases . . . the jury or court trying the case may find the defendant not guilty of the offense as charged, and find him guilty of any offense, the commission of which is necessarily included in that charged against him." However, prior to the enactment of now Sec. 4845 (Sec. 1655, R. S. 1879), a charge of a felonious assault "on purpose and of malice aforethought" (Sec. 4408) would not sustain a conviction of the lesser offense of a felonious assault with intent to kill (Sec. 4409). State v. Webster, 77 Mo. 566, 567[2]. Consult State v. Davidson, 73 Mo. 428.

The court in State v. Bunyard, supra, considered an instruction bad which submitted a higher degree of the offense than that charged in the information, but treated the instruction as placing an additional burden on the State and the words importing the greater offense as surplusage from the fact the verdict found defendant guilty "as

charged in the information." reasoning that the jury had not been misled and that the judgment founded on the information was proper.

Like reasoning cannot be indulged in the instant case. Instruction No. 1 told the jury if they found the facts as therein hypothesized defendants were to be found guilty "as charged in the information"; and the separate verdicts of guilty, as well as the separate judgments imposing sentences, are upon the jury's explicit finding that the respective defendant was "guilty of felonious assault with intent to do great bodily harm." This offense, we have seen, was not charged in the information. It is not a lesser degree of the offense charged in the information. State v. Webb, 266 Mo. 672, 680(I), 182 S. W. 975, 976[1]. It is not an offense included within the allegations in the information. The information did not require defendants to purge themselves of the crime defined in instruction No. 1 and of which they now stand convicted and sentenced to imprisonment. The giving of the instruction was prejudicially erroneous. State v. Melton, 102 Mo. 683, 685(I), 15 S. W. 139(1); State v. Kester (Mo.), 201 S. W. 62[1, 2]; State v. Littler (Mo.), 186 S. W. 1045, 1046[1, 2]; State v. Kyle, 177 Mo. 659, 76 S. W. 1014. Instructions may not be resorted to for the purpose of curing defects in informations or indictments (State v. Smith, 119 Mo. 439, 24 S. W. 1000) and verdicts are ineffective to supply omitted essential elements of a statutory offense (Harris v. United States, 104 Fed. 2d 43; State v. Hancock, 320 Mo. 327, 7 S. W. 2d 273).

The judgment is reversed and the cause is remanded. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.