STATE of Missouri, Respondent,

v.

Raymond CLARY, Appellant.

No. 48589.

Supreme Court of Missouri,

Division No. 1.

Oct. 9, 1961.

Motion for Rehearing or to Transfer to Court en Banc Denied Nov. 13, 1961.

Russell D. Roberts, Kirksville, for appellant.

Thomas F. Eagleton, Atty. Gen., J. Richard Roberts, Sp. Asst. Atty. Gen., for respondent.

COIL, Commissioner.

Raymond Clary was convicted of the charge brought under the provisions of Section 559.210 RSMo 1959 and V.A.M.S., of unlawfully striking and kicking William Barnes in a manner likely to produce death or great bodily harm and thereby inflicting upon the said Barnes great bodily harm. His punishment was fixed by a jury at three years in the state pentitentiary.

■ Defendant has appealed from the ensuing judgment and contends first that there was insufficient evidence to sustain the jury's verdict. The evidence from the state's standpoint tended to show that William Barnes operated a business in Edina, Missouri. On May 6, 1960, he saw defendant and wife walking by his place of business. Defendant struck the window with his fist and uttered some profanity directed toward Barnes. Barnes left his store and asked defendant, who by then had proceeded about twenty-five feet past the front of the Barnes building, what he had said. Defendant stopped and asked whether Barnes had a certain gun in his possession and, upon being assured that he did not, walked to Barnes and without anything further, either language or movement on Barnes' part, struck Barnes a couple of times and knocked him to the sidewalk and, while he lay there in an unconscious condition and "bleeding real bad," kicked him in the side of the face and hit him twice with his fist. An ambulance was called and Barnes was taken to a hospital where he remained for nine days. He was in shock and suffered multiple lacerations about his head

and a brain concussion. He had headaches and experienced dizziness and blackouts. He was unable to walk without becoming dizzy for some time. There was medical testimony that it was possible for a concussion of the skull to cause death.

Section 559.210 requires only that there shall be an unlawful wounding or the infliction of "great bodily harm in cases and under circumstances which would constitute murder or manslaughter if death had ensued. All that is necessary under this section is that there shall be an unlawful wounding or the infliction of great bodily harm in cases and under circumstances not excusable or justifiable." State v. Janke, 238 Mo. 378, 141 S.W. 1136, 1138; State v. Browers, 356 Mo. 1195, 205 S.W.2d 721. There was evidence, heretofore set forth, from which the jury reasonably could have found that defendant inflicted great bodily harm upon Barnes under circumstances which would have constituted murder or manslaughter if death had ensued. State v. Webb, 266 Mo. 672, 182 S.W. 975.

█ Defendant contends that the information was insufficient. As we understand, the contention is that the information was defective because it did not contain an allegation to the effect that "had death ensued in this case, the circumstances were such that defendant would have been guilty of murder or manslaughter if death had ensued." The information was in approved form and the suggested allegations were unnecessary. State v. Janke, supra; State v. Porter, Mo., 81 S.W.2d 316, 318; State v. Watson, 356 Mo. 590, 202 S.W.2d 784, 786 [2–4].

█ Defendant next contends that the trial court erred in overruling his motion for a continuance and abused its discretion in requiring defendant to go to trial without affording him and his counsel sufficient time to adequately prepare. The altercation giving rise to the information in this case occurred on May 6, 1960. Defendant was arrested on May 11 and at that time saw and read the complaint which had been filed against him which we have ascertained was substantially identical with the information which was thereafter filed on June 2. On September 7 defendant appeared, apparently for arraignment, and, upon being informed that the defendant did not have a lawyer but intended to employ one, the court postponed arraignment until defendant had retained a lawyer and informed defendant that his trial was set for October 24. On the morning of Monday, October 24, the trial date, defendant appeared with his counsel and filed a motion for continuance which alleged in substance that he had procured counsel on the preceding Saturday at 4 p. m. in Adair County; that theretofore he had diligently attempted to secure counsel residing in Knox County but for reasons set forth in the motion had been unable to do so; that he had sought to employ counsel residing in Lewis County but was unable to do so; that his present counsel had advised him that he could not properly represent him unless he had reasonable time in which to examine the charge, interview witnesses, and acquaint himself with the evidence and the applicable law; and defendant alleged further that if he were compelled to go to trial without benefit of counsel adequately prepared, his rights and freedom would be jeopardized. As ground 2 of his motion he alleged that no copy of the information had ever been served upon him and he had never seen or examined the charge in the case, and that his counsel had had no opportunity to obtain copies of the "papers in the case." The trial court overruled the motion after argument, and defendant entered a plea of not guilty, unavailingly renewed his request for continuance, and proceeded to trial.

In the brief it is contended that the trial court's action in overruling defendant's motion for continuance deprived him of "rights guaranteed him by both the Constitution of Missouri and the Constitution of the United States, specifically the right to be informed of the nature and cause of the accusation, to have compulsory process

for obtaining witnesses in his favor and to have the assistance of counsel for his defense."

For the reasons hereinafter noted, we are of the opinion that the trial court did not abuse its discretion in overruling defendant's motion for a continuance. Defendant did not allege in his motion nor show in any manner that he had exercised diligence to obtain counsel reasonably soon after being advised of the trial date. Defendant had from September 7 to October 24, a period of forty-seven days. The reasonable inference from the record is, and there is no contention to the contrary, that defendant was free on bail during that entire period. The allegations in the motion that defendant was unable to hire counsel in Knox and Lewis Counties constituted no excuse whatever for defendant's failure to have retained counsel elsewhere or to have requested the court to appoint counsel for him. Defendant's counsel in oral argument stated that on some date prior to October 22 (counsel did not say how long prior), defendant had talked with him about the case and, upon being advised of the terms upon which counsel would accept employment, defendant left with the advice that as soon as he had sold his beans he would return. Under the circumstances, defendant has wholly failed either to allege or demonstrate any reason for having failed to obtain counsel in time for such counsel to have adequately prepared his defense.

The fact situation as disclosed by the motion and the argument in this case should be distinguished from that in those cases where a trial court has been held to have abused its discretion for refusal to afford a defendant a reasonable *opportunity* to prepare for trial. For example, where defendant's attorney withdrew at a time close to the trial date and the trial court refused to give court-appointed attorneys a continuance to provide them a sufficient opportunity to study the case, as in State v. Jackson, 344 Mo. 1055, 130 S.W.2d 595, 596, or as in State v. Richardson, 329 Mo. 805, 46 S.W.2d 576. Here, the defendant, so far as we may know, did have adequate *opportunity* to prepare for trial. He failed to take advantage of the opportunity so afforded him without any shown reasonable cause.

Defendant's further contention, that no copy of the information was ever served upon him and that his counsel had not seen or examined the charge and had not obtained a copy of the "papers in this case," is likewise without merit. The record shows that defendant, on May 11, five days after the occurrence in question, saw and read the complaint which was identical with the subsequent information; and it was not alleged in the motion nor was there any showing that defendant ever sought a copy of the information or sought a copy of the "papers in this case"; and it was not alleged in the motion or shown that defendant was denied "compulsory process for obtaining witnesses."

We are of the view that the trial court did not abuse its discretion in overruling defendant's motion for continuance. See State v. Jones, Mo., 221 S.W.2d 137 [1, 2]; State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 941 [6], 103 A.L.R. 1301; State v. Messino, 325 Mo. 743, 30 S.W.2d 750, 758 [8], 759 [9, 10].

Defendant contends further that the state's verdict-directing instruction was erroneous because it purported to cover the whole case and, defendant says, ignored the defense of self-defense which was supported by substantial evidence. There was evidence, considered from a standpoint favorable to defendant, which required the submission of self-defense. There was testimony which tended to show that Barnes, without provocation, struck the first blow which was sufficient to cause defendant's eye to be black when he was arrested less than two hours after the altercation; that defendant knew that Barnes owned a small gun which was very easy for Barnes to conceal in his pocket; and that Barnes had theretofore made a threat against defendant which had been communicated to him.

■ The trial court gave a self-defense instruction (6A) but, even so, if, as defendant contends, the state's verdict-directing instruction 1 entirely ignored self-defense, then the error in the state's instruction was not cured by the separate instruction on self-defense. State v. Winn, Mo., 324 S.W.2d 637, 641 [2]; State v. Stubblefield, 239 Mo. 526, 144 S.W. 404, 406 [4]; State v. Helton, 234 Mo. 559, 137 S.W. 987, 988 [2].

■ State's instruction 1 required in part that the jury find that defendant "did unlawfully and feloniously strike, beat, choke, strangle, and kick" Barnes. Instruction 2, immediately following, was in part: "The word 'unlawfully' as used in these instructions means without excuse or justification, and contrary to the law." Instruction 6A, an unexceptional self-defense instruction, permitted the jury to find defendant not guilty if it found that his acts were "justifiable." Considering instructions 1 and 2 together, and interpolating the information given the jury by instruction 2, the jury was required to find that Raymond Clary "did unlawfully [i. e., without excuse or justification] and feloniously strike, beat, choke, strangle, and kick" Barnes. It is apparent, therefore, that state's instruction 1 did not entirely ignore the defense of self-defense but, on the contrary, required the jury to negative self-defense by affirmatively finding that defendant beat and kicked Barnes without excuse or justification. That requirement, particularly in light of the fact that the court gave a separate instruction on self-defense, makes it reasonably certain that the jury fully understood that it was to find defendant not guilty if his acts were justified as acts of self-defense as set forth in instruction 6A. It would have been preferable, nevertheless, for the state's verdict-directing instruction to have more specifically negatived self-defense by language such as "and that such acts were not done under circumstances which justify defendant's actions as acts of self-defense as set forth in instruction 6A" or "If you find that defendant did [the alleged acts] without

just cause or provocation." But, under the circumstances of this case, i. e., in view of the particular language here used, considered in connection with the definition of "unlawfully" contained in instruction 2, and in view of the separate self-defense instruction, the court did not err in giving instruction 1.

Defendant relies upon the cases of State v. Gabriel, 301 Mo. 365, 256 S.W. 765, 767 [4], [5], and State v. Winn, supra, 324 S.W.2d 640–642. The court in the Gabriel case held that the verdict-directing instruction given there was reversibly erroneous because it ignored self-defense and was not cured by a separate instruction on self-defense; but the court specifically pointed out that that instruction "required the finding of no fact which negatived the defense of self-defense, as in State v. Wicker * * *." 256 S.W. 767 [5]. State v. Wicker, Mo., 222 S.W. 1014, 1016, held that the incorporation in an instruction of these words, "on 'purpose and of malice aforethought,'" effectively required the jury to find facts negativing self-defense. State v. Winn, supra, also held that an instruction (No. 3) which entirely ignored self-defense was erroneous and was not cured by a separate instruction on self-defense. The court reviewed the relevant cases, including those which had criticized the rule of State v. Gabriel, supra, reaffirmed the doctrine of that case, and specifically refused to abandon that rule. But in the Winn case (324 S.W.2d 642 [3]), the court specifically approved instruction 2 which contained the words "on 'purpose and of malice aforethought,'" holding that those words were sufficient to require the jury to find facts which negatived self-defense, particularly in view of the fact that another instruction had defined the word "malice" as "the condition of mind which prompts one person to take the life of another or attempt to do so without just cause or justification, * * *." 324 S.W.2d 640 [1].

We have found no error in connection with those matters which we are required

to review upon the record before us even though defendant has made no allegation of error with respect to them.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.