## THE STATE v. TETRICK, Appellant.

**Division Two, November 20, 1906.**

1. **CONFLICT IN EVIDENCE: Province of Jury.** It is the province of the jury to settle conflicts in the testimony.   And where there is substantial testimony to support the verdict, the appellate court will not interfere.

2. **ASSAULT WITH INTENT TO KILL: Sufficiency of Evidence: Instructions.** Evidence *held* sufficient to justify the verdict finding defendant guilty of assault with intent to kill, and instructions, set out in the statement, *held*, to correctly declare the law.

Appeal from Ozark Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1)   The instructions were full and fair, and presented the case liberally for the defendant.  Their form

and substance have often met with the approval of this court. (2) Where there is substantial evidence tending to show defendant's guilt, this court will not undertake to weigh the evidence, but will defer to the action of the jury in such matters. State v. Smith, 190 Mo. 706; State v. Williams, 186 Mo. 128; State v. Williams, 149 Mo. 500.

FOX, J.—This cause is brought here upon appeal from a judgment of the circuit court of Ozark county, convicting the defendant of an assault with intent to kill.

On December 26, 1903, the prosecuting attorney of Ozark county filed an information, under oath, charging the defendant with an assault with intent to kill one Sarah Combes. The date of the alleged offense was September 22, 1903, and a heavy stone was the deadly weapon charged to have been used. On defendant's application, a change of venue was awarded him on account of the prejudice of the judge, and Hon. Argus Cox was called in to try the case. Defendant was put upon his trial at the July term, 1905, of the Ozark County Circuit Court. The sufficiency of the information is nowhere challenged either in the motion for new trial or by a timely motion in arrest of judgment; hence, there is no necessity for reproducing it in the statement of the case. Upon the trial the record discloses that the testimony of the State tended to prove the following state of facts:

That Mrs. Combes lived with her husband and four children on a farm near the town of Dora in Ozark county, and the defendant lived on another farm near there. On the date of the alleged offense, Mrs. Combes was in her house and called to one of her little girls, who was in Mrs. Combes' meadow. Defendant was also in this meadow, and, when Mrs. Combes would call the little girl, defendant would call back, "Go to hell." Defendant then came towards Mrs. Combes' barn lot, and

repeated the above expression when Mrs. Combes called her son. Mrs. Combes then ordered defendant off her place; but defendant said that he would go across her place whenever he pleased and go wherever he pleased. The second time Mrs. Combes ordered defendant to leave and he replied with an oath and got over the fence into the public road. In a moment, defendant climbed back over the fence, saying he would kill Mrs. Combes and stamp her in the ground; he also used profane and vulgar language. When he was in the road, defendant picked up a rock and carried this rock in his right hand and tried to strike Mrs. Combes on the head. Just at that time, Mrs. Combes' son ran up, pushed defendant back and prevented him from hitting Mrs. Combes with the rock; but defendant did strike her on the head twice with his fists.

The testimony on the part of the defendant substantially tended to prove that some days prior to the date of the alleged difficulty, defendant's horses got into Mrs. Combes' meadow and were taken up by her and put in a stable, and on this day, defendant's horses were out again, and he was looking for them. That Mrs. Combes did not like defendant, and that she came down to where he was and threw a stick of stove wood at him; and that then he slapped her and pushed her back. Defendant further testified that he did not strike Mrs. Combes with a rock, and did not have a rock in his hand, but that she threw a rock and struck him on the side.

At the close of the evidence the court instructed the jury fully upon every phase of the case to which the testimony was applicable. The only instructions complained of in the motion for new trial are Nos. 1, 2, 3 and 5, which were as follows:

"1. The court instructs the jury that if you believe from the evidence that the defendant, at the county of Ozark and State of Missouri, on or about September 22, 1903, did on purpose and of his malice

aforethought assault Sarah Combes with a rock, and shall further believe that such rock was at the time a dangerous and deadly weapon and that this assault was made with the intent to kill Sarah Combes or to do her some great bodily harm, you will find the defendant guilty as charged and assess his punishment at imprisonment in the penitentiary not less than two years nor more than ten years.

"2. If you shall believe that defendant on or about September 22, 1903, at the county of Ozark and State of Missouri assaulted Sarah Combes with a rock with the intent to kill said Sarah Combes, or to do her some great bodily harm, but without malice aforethought, you will find him guilty and assess his punishment at imprisonment in the penitentiary not less than two years nor more than five years, or imprisonment in the county jail not less than six months, or imprisonment in the county jail not less than three months and a fine of not less than one hundred dollars.

"3. The term 'malice' as used in the information and instructions does not mean mere spite or ill-will, as the term is commonly understood, but in law it means the intentional doing of a wrongful act and signifies that state of mind or disposition which would prompt one person to take the life of another or do him some great bodily harm without just cause or excuse. 'Aforethought' means thought of beforehand, for any length of time, however short.

"5. To constitute an assault upon Sarah Combes by defendant, it is not necessary that he should have actually struck her with the rock, but if while in striking distance of her he raised the rock into a striking position and attempted to strike her but was prevented by the son of Mrs. Combes from striking her, this action upon the part of defendant would constitute an assault upon said Sarah Combes with the rock."

The cause was submitted to the jury upon the evidence developed at the trial and the instructions of the

court, and a verdict of guilty was returned, assessing defendant's punishment at a fine of one hundred dollars. A timely motion for new trial was filed and by the court overruled. Judgment was entered in conformity to the verdict, and from this judgment defendant prosecutes this appeal, and the cause is now before us for consideration.

### OPINION.

Counsel for appellant in the trial court have not filed any brief or suggestion as to the errors complained of in the motion for new trial; hence, in obedience to the provisions of the statute in criminal cases where the appellant is not represented in this court we have carefully considered the disclosures of the record in this cause. We are unable to discover any reversible error in the trial of this cause. There is no complaint in the motion for new trial upon the subject of improper admission of evidence or the erroneous exclusion of testimony offered by defendant; hence, there is nothing before us for review upon that subject.

We have indicated the instructions to which appellant directs his complaint, and it is sufficient to say upon this complaint that we have carefully considered all the instructions given in this cause and find that they correctly declare the law applicable to the facts of this case, and substantially conform to approved precedents of this court.

As to the sufficiency of the evidence to support the verdict, it is only necessary to say that it is true the record discloses a sharp conflict in the evidence between the State and the defendant, yet if the jury believed the evidence introduced by the State it was ample to warrant the finding of the jury. It was exclusively the province of the jury to pass upon the facts developed upon the trial, and equally their duty to settle any conflict arising in the testimony. It has been the

uniform ruling of this court that where there is substantial evidence to support the verdict the case will not be retried in the appellate court upon the facts disclosed by the record; nor will this court undertake to weigh the evidence and settle the conflicts that may appear in it.   There is sufficient evidence disclosed by the record to support the finding of the jury, and we must decline to interfere with such finding.

The judgment of the trial court should be affirmed, and it is so ordered.

All concur.