## THE STATE v. JOHN STUBBLEFIELD, Appellant.

### Division Two, February 6, 1912.

1. **ASSAULT WITH INTENT TO KILL: Instruction: Deadly Weapon: No Evidence: Intent.** Defendant was convicted of assault with intent to kill. He had struck another in the left breast with a knife, cutting a gash two or three inches long. Both men were standing at the time. An instruction was given which said: "The law presumes that all men intend the probable consequences of their own willful acts, therefore if you believe the defendant intentionally stabbed Vaughan with a knife in a vital part of his body then the law will presume that he intended to kill him." *Held*, that such instruction is erroneous for two reasons: First, there was no direct evidence that the knife used was a deadly weapon, and the wound was not of such character as necessarily to put beyond question the deadly qualities of the weapon. Second, the striking of the blow on purpose being admitted, and the sole issue being as to the intent with which it was delivered, and the evidence clearly warranting a finding that there was no intent to kill, or that, if such intent existed, the defendant acted in self-defense, it would seem to be error to direct the jury that the law presumed, from the partial facts predicated, the specific intent to kill.

2. **INSTRUCTION: Intended to Cover Whole Case: Omission of Necessary Elements.** An instruction which purports to cover the whole case and directs a finding must embrace all the issues and the law applicable to them. It must not omit the element of self-defense raised by the pleadings and evidence.

3. ————: **Self-defense: Proportionate Force.** The instruction on self-defense ought to be so drawn as not to exclude the right of defendant to defend his person from any kind of assault, whether deadly or not, provided the force used was not out of proportion to the violence of such attack.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED.

*Orchard & Cunningham* for appellant.

It is a well settled rule of law, both in criminal and civil cases, that an instruction which purports to cover the whole case and directs a finding must em-

brace all the issues and the law applicable to them. It is but a corollary of this proposition that such an instruction in a criminal proceeding must not ignore any essential element of the offense charged, and that it cannot be pieced out by the contents of other instructions. State v. Helton, 234 Mo. 564, and cases cited.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

Appellant contends that the court erred in giving State's instruction 1, and relies upon the recent case of State v. Helton, 234 Mo. 559, in support of this contention. The court gave nine instructions in the case at bar. Appellant did not request any additional instructions, nor did he object and save an exception to the failure of the court to instruct on all the law of the case, nor does he allege such an error in his motion for a new trial. The all important question presented for the consideration of this court is the correctness of the law as declared in the Helton case, supra. Our position is that the Helton case does not follow the long line of decisions of this court, and should be overruled. We shall first present our views and authorities in support of the correctness of instruction 1 in the case at bar, and that the remaining eight instructions given in this case should be read and considered all together. We shall then consider the Helton case and the authorities therein cited in support of it. The indictment in the case at bar is drawn under section 4481, Revised Statutes 1909, known as the "malice aforethought" assault statute. The court, by instruction 1, submitted this cause to the jury under section 4482, Revised Statutes 1909, which only requires the assault to be made with "intent to kill or to do great bodily harm." Instruction 1 follows the language of the statute by requiring the assault to have been made "with intent to kill him or do him some great bodily harm." State v. Jones, 86 Mo. l. c.

625; State v. Harris, 9 Mo. 431; State v. Musick, 101 Mo. 267. Instruction 1 in the case at bar substantially follows the instruction in the Jones case, except that it omits the words "malice aforethought." These words were properly omitted, as the court submitted this cause to the jury under section 4482. It is not necessary for instruction 1, in the case at bar, to contain the word "feloniously." State v. Cummings, 206 Mo. 623. It is to be noted that in none of these cases cited does a single instruction contain such a qualifying clause as is held in the Helton case it should. Instruction 1 in the Helton case is the same as 1 in the case at bar. The original transcript in the Helton case discloses that there were six instructions given in that case. Instruction 4 in that case presented the plea of self-defense, and is in form substantially the same as instruction 7 in the case at bar. It is the well settled rule in this State that instructions presenting the law of the case must be considered all together. This rule applies to both civil and criminal cases. State v. Weisman, 238 Mo. 560; State v. Walker, 194 Mo. 263; State v. Riney, 137 Mo. 105; State v. Meals, 184 Mo. 256; State v. Kinder, 184 Mo. 295; State v. Sharp, 183 Mo. 738; State v. Dooley, 121 Mo. 596. It is true if but one single instruction intended to present the law of the whole case is given it should present the State's and the defendant's, or the plaintiff's and the defendant's, as the case may be. Scanlon v. Gulick, 199 Mo. 454, and authorities there cited. This line of decisions evidently led the able and learned commissioner into the error as announced in the Helton case. The cases of State v. Lentz, 184 Mo. 235, and State v. McNamara, 100 Mo. 105, do not support the law as announced in the Helton case.

BLAIR, C.—Convicted in the circuit court of Shannon county of assault with intent to kill and sen-

tenced to two years in the penitentiary, defendant appealed.

The offense was charged to have been committed September 11, 1909, in Shannon county. The injured person was one W. J. Vaughan. The trouble occurred at a picnic.

According to the testimony of some of the witnesses for the State, defendant, prior to the assault alleged, had said to Vaughan: "I want to make friends with you; I don't want to have any trouble," and Vaughan said, "No," and the two walked away together. Later in the day Vaughan and one Huffman engaged in an altercation and "struck a lick or two," and as Vaughan attempted to strike again, defendant, who was standing near, ran up and struck Vaughan on the left breast with a knife, cutting a gash two or three inches long. Vaughan did not testify.

The testimony of the witnesses for the defense tended to show that Vaughan was of a turbulent and quarrelsome disposition and that defendant's reputation for peace and quiet was good; that Vaughan was in a quarrelsome mood the day of the difficulty; that defendant tried to appease his anger, but Vaughan struck defendant, and then Huffman, in the role of peacemaker, stepped between the two. Vaughan in his efforts to get to defendant then struck Huffman twice and finally got around Huffman and then defendant delivered the blow with the knife. Vaughan was a large man, weighing one hundred and eighty to two hundred pounds, and defendant a small man, about one hundred and thirty-five pounds in weight.

Defendant testified that Vaughan struck him on the shoulder, and the blow partly turned him around, and he then drew his knife; that Huffman intervened and Vaughan "started and I struck him with the knife." He said his purpose in so doing was to keep

239 Sup.—34

Vaughan off of him and that he had no intention of killing him.

I. Instruction numbered 2, given by the court in this case over defendant's objections and exceptions, reads as follows: "The law presumes that all men intend the probable consequences of their own willful acts, therefore if you believe the defendant intentionally stabbed Vaughan with a knife in a vital part of his body then the law will presume that he intended to kill him."

There was no direct evidence in this case that the knife used by defendant was a deadly weapon, the knife itself was not in evidence nor described by the witnesses, and the wound was not of such character as necessarily to put beyond question the deadly qualities of the weapon which inflicted it. The instruction falls clearly within the rule laid down in State v. Harris, 209 Mo. l. c. 438, 439. It assumes that the knife was a deadly weapon, for on no other theory could the presumption of an intent to kill be grounded upon its use. In cases in which death results, the event may proclaim the deadly character of the instrument which produces it. The situation in such cases is very different from that in this. Nor is this case like that of State v. Keener, 225 Mo. l. c. 496, 497. The facts of that case clearly distinguish it from this.

The instruction is therefore erroneous, for one thing, in that it invades the province of the jury by assuming as a matter of law that the weapon used by defendant, used in the manner in which he used it, was a deadly weapon. [State v. Harris, supra.]

The statute (Sec. 5244, R. S. 1909) expressly prohibits the trial court from summing up or commenting upon the evidence and no more prejudicial violation of this statutory prohibition could be conceived than

the unqualified assumption in an instruction of a disputed and vital fact.

There is another ground upon which, in this case, the propriety of giving an instruction like that under discussion is open to the gravest doubts even though the question as to the deadliness of the weapon used had been left to the jury.

Upon such a question, referring to such an instruction, this court in State v. Stewart, 29 Mo. 420, 421, said: "But the instruction in reference to the intent of the defendant was calculated to mislead. The intent of the defendant in making the assault was a question of fact for the jury. The law raises no presumption about it, and it was error for the court to tell the jury that 'the law presumes that every man intends the natural, necessary and probable consequence of his acts.' "

In the case of State v. Jones, 86 Mo. l. c. 626, 628, the court approved an instruction that if the weapon used be deadly, "and *so used* as probably to produce death, *the inference* is that death was intended."

In State v. Musick, 101 Mo. l. c. 267, 270; State v. Grant, 144 Mo. l. c. 66, 67, and State v. Keener, 225 Mo. l. c. 496, 497, instructions similar to the second instruction given in this case were held not erroneous, but the rulings were based upon the rule laid down in cases in which *death had resulted* from the act of the defendant.

That there is a marked difference between the presumption of intent arising from an act which not only probably would but actually did produce death and an act which might or might not but *certainly did not* produce death, seems obvious.

It has been said by this court that from the use of a deadly weapon *malice* will be presumed, but that even that presumption is a disputable one. [State v. Kelly, 73 Mo. l. c. 612, 613.] But the instruction in

this case goes further. It informs the jury that from the use of a knife upon a vital part the *law pre-sumes,* not malice but, the specific intent to do something which was not done, i. e., to kill.

The decisions in this State are not entirely harmonious, as can be seen from those mentioned, but the weight of authority elsewhere clearly condemns the instruction given in this case for this second reason. [Chrisman v. State, 54 Ark. l. c. 287; Maher v. People, 10 Mich. 212; State v. Dolan, 17 Wash. 499; Roberts v. People, 19 Mich 401; People v. Landman, 103 Cal. 577; Gilbert v. State, 90 Ga. 691; Patterson v. State, 85 Ga. 131; People v. Mize, 80 Cal. 41; Nilan v. People, 27 Colo. 206; Hall v. State, 9 Fla. 203; Morgan v. State, 21 Miss. l. c. 245; 1 McClain on Crim. Law, sec. 279.]

Mr. Bishop says that in a case of this character the jury "may consider the nature and tendency of the proven act to determine the intent prompting it. And the court will instruct them that the doer should be presumed to have intended its natural and probable consequences. Yet they cannot go further. The doctrine of an intent in law, differing from that in fact, is not applicable to these technical attempts . . . A further view is that in reason we cannot first draw an evil intent from an act, and then enhance the evil of the act by adding this intent back again to it." [1 Bishop's New Crim. Law (8 Ed.), sec. 735.]

In this case the question as to whether the defendant's act in striking Vaughan with the knife was in self-defense or, if not, then whether it was accompanied by an intent to kill, was directly presented by the evidence. The defendant did not deny that the blow was purposely given.

The striking of the blow being admitted and the sole issue being as to the intent with which it was delivered and the evidence clearly warranting a finding

that there was no intent to kill or that, if such intent existed, the defendant acted in self-defense, it would seem to be error to direct the jury that the *law presumed,* from the partial facts predicated, the specific intent to kill.

Under the facts of this particular case, the court should not have given the instruction in the form in which it did give it, even had the question as to the deadliness of the weapon used been properly submitted to the jury.

II. The first instruction given in this case is identical with one held erroneous in State v. Helton, 234 Mo. l. c. 563, *et seq.*

The rule laid down in the Helton case is vigorously assailed by counsel for the State, but conformity to it on a retrial of this case will put no new difficulties in the way of a conviction and we might dismiss the matter without further comment. However, we hold the instruction in this case bad for the reasons given in the case mentioned. In the cases to which we are cited (State v. Jones, 86 Mo. l. c. 625; State v. Harris, 209 Mo. l. c. 431, 432; State v. Musick, 101 Mo. l. c. 267) the instructions approved required the jury to find that the act was done ''on purpose and of malice aforethought.'' By incorporating these words in the instructions the trial court in each of those cases required the jury to find the facts negativing the defenses set up before a verdict of guilty could be returned.

That it was not necessary in defining the offense to use those words in the instruction given in this and the Helton case did not authorize a direction to convict on a finding of facts not inconsistent with the defense made.

III.   The instruction as to the good character of defendant should be modified to conform to what was said in State v. Wertz, 191 Mo. 1. c. 582.   The instruction on self-defense ought to be so drawn as not to exclude the right of defendant to have defended his person from any kind of assault, whether deadly or not, provided the force used was not out of proportion to the violence of such attack and the instruction as to the effect to be given to Vaughan's reputation for violence should have conformed to the principle announced in State v. Feeley, 194 Mo. 1. c. 319.

The judgment is reversed and the cause remanded. *Roy C.,* concurs.

PER CURIAM.—The foregoing opinion by BLAIR, C., is adopted as the opinion of the court.   All the judges concur.