## THE STATE v. FELIX SKIBISKI, Appellant.

Division Two, November 13, 1912.

1. **CONFESSION: Corroboration: Proof of Corpus Delicti.** Where the confession of a defendant in a criminal prosecution is in evidence, full independent proof of the *corpus delicti* is not required. If there is evidence of corroborating circumstances which tend to prove the *corpus delicti* and which correspond with circumstances related in the confession, both the circumstances and the confession may be considered in determining whether the *corpus delicti* is sufficiently proved in a given case. It is for the jury to say whether the corroborating facts and the confession, considered together, exclude from their minds all reasonable doubt of the defendant's guilt.

2. **LARCENY: Paying Owner for Thing Stolen: Evidence: Motion to Strike Out.** In a prosecution for stealing a steer, testimony was introduced showing that the defendant, after being accused of the theft, promised to pay for the steer; that he afterwards asked for more time and later made his promise more definite; and that finally he sent the agreed sum to the owner. After the close of the evidence, defendant's counsel moved to strike out all testimony concerning the payment. *Held,* that the fact of payment was admissible, and if there was anything objectionable admitted in that connection the motion should have been limited to such objectionable matter. Moreover, motions, after the close of the evidence, to strike out testimony elicited by and responsive to pertinent questions, cannot be regarded with favor.

3. **————: Proof of Venue: Judicial Notice.** In a prosecution for stealing a steer, where the testimony of the owner is reasonably susceptible of the interpretation that the witness meant to say the taking of the steer was in Ripley county, and it appears that

the owner lived about seven miles southeast of the county seat while the accused lived a mile and a half from him, the boundaries of Ripley county may be judicially noticed, as may the further fact that a point eight miles east of the county seat is within these boundaries, and there was sufficient proof of the venue to authorize the jury to find the taking to have been in Ripley county.

Appeal from Ripley Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*Charles B. Butler* for appellant.

(1) Before a conviction can be sustained in this case the *corpus delicti* must be proved beyond a reasonable doubt, every essential element of the offense charged must be proved, and it must be proved beyond a reasonable doubt that the offense was committed by defendant. 6 Cyc. 240; McClain, Crim. Law, p. 618, Sec. 612; 12 Cyc. 488 (11). (2) The *corpus delicti* cannot be proved by the uncorroborated confession of the defendant. 25 Cyc. 120. (3) The venue must be proved as any other fact. It cannot be proved by inference alone. There must be something substantial upon which to base the inference.

*Elliott W. Major*, Attorney-General, and *Campbell Cummings*, Assistant Attorney-General, for the State.

(1) It is sufficient answer to appellant's claim of error in overruling the motion to strike out all testimony relative to payment for the steer, that appellant had objected to the introduction of the evidence at the time it was offered, but had failed to save an exception to the overruling of his objection, and thereby waived the error, if any. He was in the same position as if he had allowed evidence to go in without

objection and at the close of the State's case move to strike it out when, of course, it was too late. 12 Cyc. 565; State v. McAfee, 148 Mo. 370; State v. Rapp, 142 Mo. 443; State v. Marcks, 140 Mo. 656; State v. Forsha, 190 Mo. 296; State v. Finn, 199 Mo. 597; State v. Pyles, 206 Mo. 626; State v. Arnewine, 136 Mo. 130. It could not be considered prejudicial error, as it was waived at the time made. A motion to strike out incompetent evidence should be promptly made. Waiting until after the other side has closed its case, or until after other questions have been asked, has been held to constitute a waiver. 12 Cyc. 566; Seamster v. State, 74 Ark. 579. (2) The venue need not be proved by direct facts, but may be inferred from facts in evidence. State v. Gow, 235 Mo. 307. Moreover, the venue was amply proved. The appellate court will take judicial notice of the geographical location of the courthouse at the county seat, and the county seat's location as to the county limits. Moler v. Whisman, 243 Mo. 571.

BLAIR, C.—Appellant was convicted of stealing a steer in Ripley county and sentenced to two years in the penitentiary.

The evidence for the State tended to show that in the fall of 1909 Henry Cooper owned some cattle which he was permitting to run on the range about his and appellant's farms and among them was a large, pale red steer, about three and one-half years old, which Cooper had raised and the habit of which, with the other cattle, was to return frequently to Cooper's place where the cattle were salted and otherwise looked after. About November 20, 1909, the steer disappeared and, though search was made for it, has not since been found.

In October, 1909, appellant sold all his cattle preparatory to leaving the farm that winter, but in the latter part of November, 1909, Mr. and Mrs. Mc-

Cune, who lived in the neighborhood, had occasion to pass appellant's place and observed in a little field belonging to appellant, and some sixty yards from his house, three head of cattle, one of which the evidence tends to show was Cooper's missing steer. The McCunes, happening to see appellant as they passed his house, said to him they noticed he had bought some cattle. Appellant said "No" and started down toward the field saying the cattle probably broke in. The McCunes were unaware of Cooper's loss and gave the matter no further thought. There was evidence that about this time, in the fall of 1909, the exact date being left uncertain, appellant sold in Doniphan a freshly removed hide. Thereafter and prior to July, 1910, Cooper received letters which led to his accusing appellant. July 16, 1910, appellant went to Cooper's farm and told him he had heard of the accusation. Cooper then told appellant his wife and son had written letters charging him with putting up the steer and then, after the occurrence of the McCune incident, butchering it. Appellant first entered a denial, but finally admitted the truth of the charge, saying his wife "gave it away on him because he wouldn't live in St. Louis." He voluntarily promised to pay for the steer on September 16, 1910, the agreed amount being thirty-five dollars. September 16, appellant returned with his son, a lad of twelve, to Cooper's and asked that he be allowed more time in which to make payment. Subsequently appellant met Cooper in Doniphan and told him that as soon as he received an expected commission from the sale of land for one O'Neal, he would pay. In a few days the lad who had accompanied appellant on his second visit to Cooper's brought to Cooper thirty-five dollars. Cooper testified positively that the steer had been taken and killed. Appellant attempted to explain the sale of the hide in the fall of 1909 by testifying it was from one of his cows which died from injuries

resulting from her being struck by a train. The State's evidence, if true, quite clearly shows this explanation to be false; it appearing the cow referred to was killed and the hide removed from the carcass in April, 1909. Appellant denied taking the steer and denied admitting he had done so. There was some testimony to the effect that his reputation had previously been good.

I. It is insisted there is no evidence to support the verdict. The argument is that there is no sufficient corroboration of the confession to warrant a conviction.

The rule in this State has long been that full proof of the *corpus delicti,* independent of the confession, is not required. If there is evidence of corroborating circumstances which tend to prove the *corpus delicti* and correspond with circumstances related in the confession, both the circumstances and the confession may be considered in determining whether the *corpus delicti* is sufficiently proved in a given case. [State v. Patterson, 73 Mo. 1. c. 712, 713; State v. Coats, 174 Mo. 1. c. 417; State v. Wooley, 215 Mo. 1. c. 672; State v. Knowles, 185 Mo. 1, c. 176, 177; State v. Henderson, 186 Mo. 1. c. 484; State v. Young, 237 Mo. 170.] A like, or even more liberal, rule prevails in other jurisdictions. [Sullivan v. State, 58 Neb. 796; Bergen v. People, 17 Ill. 426; Ryan v. State, 100 Ala. 94; State v. Westcott, 130 Ia. 1; People v. Jones, 123 Cal. 65; People v. Jaehne, 103 N. Y. 182; People v. Brasch, 193 N. Y. 46.]

In the light of this rule it clearly appears the court would not have been justified in taking the case from the jury. The disappearance of the steer, appellant's possession of it, the fact that it has never since been seen though search has been made, the falsity of appellant's explanation as to the sale by him of the "green" hide in the fall of 1909, his vol-

untary promise to pay for the steer and the fact of payment, coupled with the confession, warranted the submission of the case, even though Cooper's positive statement that the steer was taken and killed, be suspected of being a mere conclusion. Of course the fact the extraneous circumstances proved pointed also to appellant as the criminal agent did not lessen their tendency to establish the *corpus delicti*. Whether the evidence tending to prove the facts stated was true was for the jury to determine as it was also their province, in view of what has been said, to say whether the corroborating facts and the confession, considered together, excluded from their minds all reasonable doubt of defendant's guilt. The instructions not having been incorporated in the transcript it must be assumed the trial court gave the jury the law of the case fully and fairly and properly cautioned them as to the extent to which corroboration of the confession was necessary. The conflict in the evidence was settled by the verdict.

II.   No exceptions were saved during the reception of the testimony, but after the close of the evidence appellant's counsel moved to strike out all testimony concerning the payment of the thirty-five dollars to Cooper. The fact of payment was, in the circumstances, admissible (State v. Furr, 121 N. C. 1. c. 609) and if there was anything objectionable admitted in that connection, the motion should have been limited to such objectionable matter. It was too broad. In addition, motions, after the close of the evidence, to strike out testimony elicited by and responsive to pertinent questions cannot be regarded with favor. There was no abuse of discretion in this case.

III.   It is contended the venue was not proved. The testimony of Cooper, while somewhat ambiguous; is yet reasonably susceptible of the interpretation that the witness meant to say the taking of the steer was

in Ripley county. In addition, it appeared Cooper lived about seven miles southeast of Doniphan and appellant lived one and one-half miles from Cooper. The boundaries of Ripley county may be judicially noticed, as may the further fact that a point eight miles east from Doniphan, the county seat, is within these boundaries. [State v. Pennington, 124 Mo. l. c. 391, 392.] There was sufficient proof of the venue (State v. Gow, 235 Mo. l. c. 325) to authorize the jury to find the taking to have been in Ripley county and the instructions doubtless required them so to find before returning a verdict of guilty. The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.