THE STATE v. GRACINTO CAPOTELLI, Appellant.

Division Two, December 20, 1926.

1. CORPUS DELICTI: Confession: Admissibility.  A written confession of guilt made out of court by a person on trial for a criminal offense is not admissible without proof of the corpus delicti.  And if the corpus delicti has not been sufficiently established, an uncorroborated extra-judicial confession of guilt, improperly admitted, is not evidence tending to show guilt, and cánnot be considered in passing on the sufficiency of the evidence to sustain a verdict of guilty.

2. ————: Receiving Stolen Property: Larceny: Possession: Knowledge. Larceny of the goods does not alone constitute the corpus delicti of receiving stolen goods.  In addition to the larceny, it must be shown that the stolen property was afterwards in the possession of a person other than the thief and that such other had knowledge of its stolen character, and received it knowing that it had been stolen.

3. ————: ————: Confession: Corroboration.  Full proof of the corpus delicti, independent of an extra-judicial confession of guilt, is not required; if there is evidence of corroborating circumstances which tend to prove the corpus delicti and correspond with circumstances related in the confession, both the circumstances and the confession may be considered in determining whether the corpus delicti has been sufficiently proved.  But there must be some outside circumstance or fact tending to corroborate the confession and connected with it, to establish the corpus delicti.

4. ――――: ――――: ――――: ――――: **Fictitious Address: Possession of Another.** Where gloves in great quantities and of large value had been stolen from a store in St. Louis, and defendant in a written confession admitted he had received a sack of the gloves from the confessed thief, knowing them to have been stolen, his conviction of the alleged offense of having received the stolen gloves, knowing them to have been stolen, cannot stand, where there is not a single circumstance corroborating his confession. And evidence tending to show that a great quantity of gloves, stolen from the same store and shipped from 1821 Wash Street, St. Louis, were recovered in Chicago, and that there was no such number as 1821 Wash Street, there being no evidence disclosing the identity of the consignor of the shipment, is not a circumstance corroborating his confession, although he stated therein that he resided at 1021 Wash Street, and at his trial testified that he lived at 1510 Wash Street. Neither is evidence that at the time of his arrest a man in his company had in his possession a pair of gloves stolen from the same store. These circumstances do not tend to show that defendant ever had any of the stolen gloves in his possession.

5. **EVIDENCE: Statement of Deceased Thief: Admissibility: Relaxation of Hearsay Rule.** In the trial of a defendant charged with receiving stolen goods, statements made by the thief in the defendant's presence and while he was in custody, are properly admitted in evidence, where he either denied or admitted every statement made by the thief in his presence. The reason for the rule against hearsay fails where statements tending to implicate an accused in custody are made in his presence and are denied by him or admitted to be true.

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 1269, p. 640, n. 3; Section 1469, p. 718, n. 45; Section 1514, p. 735, n. 45; p. 736, n. 46; p. 737, n. 51, 54; Section 1579, p. 772, n. 27. **Receiving Stolen Goods,** 34 Cyc., p. 515, n. 14; p. 517, n. 22.

Appeal from Circuit Court of City of St. Louis.—*Hon. William A. Taylor,* Judge.

REVERSED AND REMANDED.

*Verne Lacy* for appellant.

(1) The statements of Whitten were hearsay and not admissible against defendant. 16 C. J. 634; State v. Richardson, 194 Mo. 326; State v. Kelleher, 201 Mo. 636; State v. Levitt, 278 Mo. 372; State v. Hogan, 252 S. W. 387; State v. Glon, 253 S. W. 366. (2) Without proof of the *"corpus delicti,"* a confession of defendant is inadmissible. Kelley's Criminal Law & Practice, sec. 281; 16 C. J. 736; Robinson v. State, 12 Mo. 592; State v. Young, 237 Mo. 177; State v. Campbell, 301 Mo. 621; State v. Morro, 281 S. W. 720. Evidence showing that goods disappeared does not constitute proof of the *corpus delicti* of the crime of receiving stolen goods knowing them to have been stolen. Sec. 3331, R. S. 1919; State v. Richmond, 186 Mo. 81; State v. Cohen, 162 S. W. 216; State v. Powers, 164 S. W. 466; State v. Fink, 186 Mo. 50.

*North T. Gentry,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

Without question it is the law that a confession of defendant is not admissible without proof of the *corpus delicti.* But in this case there was sufficient proof. (1) There is sufficient proof of the larceny. State v. Creeley, 254 Mo. 390. (2) It is in evidence that the defendant and another man were arrested together at the home of defendant and that the man arrested with the defendant had in his possession one pair of the stolen gloves. (3) It is also in evidence that some of the stolen gloves were shipped to Chicago from 1821 Wash Street, St. Louis, and that there was no address at that number; that defendant at the time of his confession claimed to live at 1021 Wash Street; that he claimed at the time of his arrest that his home was at 1510 Wash Street. It is a circumstance worth noting that the defendant was in and about the neighborhood of the place on Wash Street from which the stolen goods were shipped to Chicago. The foregoing evidence, taken with the confession, is sufficient to prove the *corpus delicti.* 16 C. J. 736, 737.

· BLAIR, J.—This appeal is from a conviction of the felony of receiving stolen property in the city of St. Louis and a sentence of imprisonment in the state penitentiary for two years.

The main questions are the sufficiency of the proof of the *corpus delicti* and the admissibility in evidence of an extra-judicial confession in the alleged absence of such proof. There was evidence which we will assume tended to prove the larceny from Rothschild Bros. Hat Company, a corporation, during June and July, 1923, of a large amount and of great value of ladies' and men's dress gloves. In December, 1923, Charles Witton, negro fireman and janitor of the hat company, was found emerging from the building of said company in St. Louis, having in his possession a number of pairs of gloves stolen from said company. He was arrested and taken to police headquarters. The inference from the testimony is that, after having confessed his complicity in the theft of the gloves taken during June and July, Witton implicated the defendant.

Defendant was arrested and taken to police headquarters where he was questioned by police officers and representatives of the hat company. He first denied his guilt. Later, after being confronted with Witton and his confession and after being urged by Witton to tell the truth, defendant admitted his guilt to the extent that he received a sack and a bundle of gloves from Witton, containing many dozens of pairs of gloves of a value shown to be far in excess of thirty dollars, knowing said gloves to have been stolen. Defendant steadfastly denied the statement of Witton that he had participated

in the actual theft of the gloves. Defendant's admissions were afterward embodied in a typewritten statement to which his mark, abundantly witnessed, was attached. Such statement covered and included his admissions to the extent above referred to.

Witton was killed in an automobile accident before the trial. At the trial defendant testified that he was thirty-one years of age, was born in Italy and had come to the United States fifteen years before. He claimed he could not read or write either the English or the Italian languages. An interpreter was provided for him, but such provision appears to have been unnecessary, for the record shows on its face that he understood and answered the questions without resort to the interpreter. As a witness, defendant absolutely repudiated his confession and denied making any incriminating statements. He said that he made his mark upon some paper after he had been brutally treated and beaten and under the threat of further mistreatment. However, there was ample evidence that defendant was subjected to no such mistreatment, and that no improper inducements were held out to him to secure his confession. We think the alleged confession of defendant was properly admitted in evidence in so far as its voluntary character is concerned. We will assume for the present that statements shown to have been made by Witton to defendant, when defendant was under arrest and in custody, as well as defendant's answers thereto, were properly admitted in evidence.

There was evidence tending to show that gloves, in large amount and of great value, which had been stolen from Rothschild Bros. Hat Company, were afterwards discovered in Chicago and retaken by the hat company. There was evidence tending to show that such recovered gloves were shipped from 1821 Wash Street, St. Louis, Missouri, and that there was no such number on said street. There was no evidence tending to disclose the identity of the consignor of such shipment. Defendant had stated in his confession that he lived at 1021 Wash Street and at the trial testified that he lived at 1510 Wash Street.

The State sought to show that a man arrested with and in the company of defendant when he was arrested had a pair of the stolen gloves in his possession. The trial court properly excluded such testimony when objections were made; but it appears to have gotten in the record without objection or motion to strike out, when defendant's counsel was cross-examining one of the State's witnesses. Hence, we will assume, for the purposes of the case, that proof of such fact is in the record for consideration in determining the sufficiency of the evidence. In addition to repudiating his confession, defendant also denied taking or receiving any gloves and testified concerning the alleged admissions and mistreatment as above stated. He offered

proof tending to show that his reputation for honesty was good. The State offered no testimony in rebuttal on this point.

The foregoing constitutes a brief but, we think, an entirely accurate statement of the ultimate facts which the record tends to show. Outside of defendant's alleged confession, there is not a syllable of direct or circumstantial evidence that defendant ever had in his possession any of the gloves stolen from the hat company.

Defendant contends, the State concedes, and we agree with both of them, that an extra-judicial confession of guilt made by a person on trial for a criminal offense is not admissible without proof of the *corpus delicti*. [State v. Young, 237 Mo. l. c. 177; State v. Campbell, 301 Mo. l. c. 621; State v. Morro, 281 S. W. 720.]    It necessarily follows that, when the *corpus delicti* has not been sufficiently established, an uncorroborated extra-judicial confession of guilt, improperly admitted, cannot be regarded as evidence tending to show guilt and cannot be considered in passing upon the sufficiency of the evidence to sustain a verdict of guilt.    [State v. Morro, supra.]

What constitutes the *corpus delicti* of receiving stolen property? Certainly more than a showing of the larceny of the goods, for larceny is a separate and distinct offense.    In addition to the larceny, at least the facts that the stolen property was afterwards in the possession of another than the thief and that such other person had knowledge of its stolen character must be regarded as necessary elements in the *corpus delicti* of receiving stolen property, knowing that such property had been stolen.

The rule in this State is "that full proof of the *corpus delicti*, independent of the confession, is not required.    If there is evidence of corroborating circumstances which tend to prove the *corpus delicti* and correspond with circumstances related in the confession, both the circumstances and the confession may be considered in determining whether the *corpus delicti* is sufficiently proved in a given case." [State v. Skibiski, 245 Mo. l. c. 463, and cases cited.]

Neither in the Skibiski, nor in any of the other cases there cited, nor in any of the cases cited by the learned Attorney-General did the facts and circumstances shown fall so far short of tending to corroborate the confession and, in connection with it, to establish the *corpus delicti* as in the case at bar.

In Skibiski's case defendant was charged with the larceny of a steer.    There was evidence of a confession and of an offer to make restitution.    Defendant actually made restitution.    In addition to this, the steer had disappeared and afterwards was seen in defendant's lot.    It was not seen afterwards and was never found.    Shortly afterward defendant sold a "green hide."    His explanation that it was the hide of a cow killed by a train was refuted by proof that the cow was killed five or six months before the "green hide" was sold.

There was no direct proof of the larceny, but the facts and circumstances, independently shown and taken in connection with defendant's confession, were held to be sufficient to establish the *corpus delicti.*

In State v. Patterson, 73 Mo. 695, the confession of the defendant was corroborated in the most minute details and the identity of the man found murdered, with the person defendant was charged in the indictment with having murdered, was established by many satisfying circumstances.

In State v. Knowles, 185 Mo. 141, the defendant was convicted of embezzling the funds of a lodge, of which he was receiver. The shortage in his accounts was fully proven independently of his admission of guilt. In State v. Bickel, 177 S. W. 310, there was evidence, independent of and corroborating the confession, that a criminal abortion had been committed upon the deceased woman.

In State v. Morro, supra, the confession of defendant of his guilt of embezzlement was held to be sufficiently corroborated by proof that he was cashier and by book entries in his handwriting showing the issuance of a certificate of deposit for $100 in several instances where certificates for $5000 were actually issued by him and shortages to that extent appeared and other circumstances were shown.

We fail to find a single circumstance in this case, outside of the confession of defendant, indicating that he ever even had possession of any of the stolen gloves. The State relies on two circumstances which it claims point to defendant as the receiver of the stolen gloves and thus tends to corroborate his confession, first, the facts that the gloves found in Chicago were consigned from 1821 Wash Street, St. Louis (there was no such address), and defendant in his confession said that he lived at 1021 Wash Street and at the trial testified that he lived at 1510 Wash Street; and, second, the finding of a pair of the stolen gloves upon the person of a man arrested at the time and place of defendant's arrest.

Even if any circumstance in connection with the shipment of some of the stolen gloves be regarded as pointing to the defendant as the consignor, rather than to some other person, the making of such shipment at least indicated possession and shipment by him *as the thief* just as much *as the conscious receiver* of the stolen gloves. The thief was at least as likely to have made the shipment or to have had a pair of the gloves in his possession as the receiver of the stolen gloves. But, entirely aside from that, such circumstance does not point to defendant rather than to any other person as such consignor. Doubtless there were a great many people living on Wash Street in St. Louis as near to the fictitious number 1821 as defendant lived. The circumstance of 1821 Wash Street being given as the fictitious address of consignment does not point to defendant more

than it does to any other of such numerous people. and does not tend to corroborate any statement made in his confession.

The fact that a pair of stolen gloves was found upon the person who happened to be near defendant at the time of his arrest might point to such person as the thief or as the receiver of the fruits of the theft, but it is not a fact or circumstance tending in any wise to corroborate defendant's extra-judicial confession of his own guilt. Neither the fact of such shipment nor the fact that such person was found with a pair of the stolen gloves corresponds to any circumstance related by defendant in the confession. Such seems to be the test applicable to the sufficiency of corroborating circumstances laid down in the Skibiski and other cases. Those facts would tend to corroborate the confession had defendant stated in his confession that he had shipped some of the stolen gloves to Chicago or had shipped them from 1821 Wash Street or had stated that he had given or sold a pair of the gloves to the man arrested with him. Such was the character of corroboration in the Skibiski case and other cases we have discussed.

The most that can be said for the State's case is that there was evidence tending to prove a larceny, and that before his trial defendant confessed that he was guilty of receiving some of the illicit fruits of such larceny. Unless the bare fact of proof of such larceny can be accepted as sufficient corroboration of a confession that defendant received part or all of the stolen gloves, knowing the same to have been stolen, then there is no sufficient corroboration of the extra-judicial confession in this case. The defendant did not even admit that he was near the hat company building when the larceny or larcenies were committed, and there is no proof to that effect. We are not prepared to depart from the well established and thoroughly sound rule that an extra-judicial confession is not admissible in the absence of proof of the *corpus delicti*, even though well satisfied from the record that defendant confessed his guilt voluntarily and not as a result of duress, mistreatment or because of improper inducements held out to him. Relaxation of or departure from the rule in this case would constitute an unfortunate precedent which would tend to overthrow the safeguards thrown about an accused, deemed necessary no doubt after centuries of experience with the injustice of convictions based upon confessions wrung from innocent defendants by torture. While adherence to the rule in this case may result in a possible miscarriage of justice, adherence to it is vitally necessary for the protection of innocent defendants in future cases where the officers in procuring a confession have not been so careful to protect the rights of the accused as they appear to have been in the case at bar. We cannot relax the rule in order to punish a seemingly guilty defendant, without hereafter jeopardizing the life or liberty of ac-

cused persons who may be induced to confess, although entirely innocent.

We hold that the *corpus delicti* of receiving stolen property is not established by merely showing a larceny. The State must go further and at least show circumstances tending to prove that such stolen property was afterwards received by some one under circumstances indicating the stolen character of the property received. There is not a single circumstance here in evidence, outside of the confession of defendant, which tends to show that the stolen gloves afterward came into the possession of any person which does not equally tend to prove that such stolen gloves remained in the possession of the thief, until they were consigned to Chicago or until the man arrested with defendant came into possession of a pair of them. Certainly, there is no circumstance, outside of the confession, indicating in the slightest degree that defendant ever had any of the stolen gloves in his possession.

From defendant's point of view it was indeed fortunate that Witton, the supposed thief, died before the trial and could not testify to the fact of the reception of the stolen goods by defendant. Had he survived and been able and willing to testify in harmony with his confession when arrested, it is quite likely that defendant would not have repudiated his confession. Having in mind the probability of defendant's guilt and realizing the possibility that evidence to corroborate sufficiently the confession made by defendant may have appeared since the trial, we are constrained to give the State a chance to try the defendant again, rather than to discharge him, which is all we could otherwise do.

As the defendant may be tried again, the assignment that statements of Witton, made in the presence of the defendant while he was in custody, were improperly admitted in evidence should be considered. We do not think the rule was violated by the court. Defendant either denied or admitted every statement shown to have been made to him or in his presence by Witton. The rule contended for excludes proof of the failure of one accused of crime to deny damaging statements made to him or in his presence, while he is in custody charged with such crime. The reason of the rule fails when statements tending to implicate an accused in custody are denied by him or admitted by him to be true.

The judgment is reversed and the cause is remanded for retrial, if the State is so advised. All concur.