STATE OF MISSOURI, Respondent, v. HOWARD COOPER, Appellant.—No. 40954.—214 S. W. (2d) 19.

Division Two, October 11, 1948.

*John M. Cave* for appellant.

*J. E. Taylor,* Attorney General and *Gordon P. Weir,* Assistant Attorney General, for respondent.

[20] BOHLING, C.—Howard Cooper appeals from a judgment imposing a sentence of five years' imprisonment for a felonious assault upon Sadie Cooper. Counsel for appellant, among other things, contends the conviction may not stand because the State failed to establish the corpus delicti by competent evidence. The material facts may be stated briefly.

Sadie Cooper is the mother of Howard Cooper. They were the only eye witnesses to the occurrence, which happened between 1 and 2 a. m. July 29, 1947, in Fulton, Callaway County, Missouri. The case was taken to Boone County on change of venue. Appellant and his family lived with his mother. Appellant was described as being "awfully drunk." He was in the back or "junk" room. The mother testified: "He said he was getting his things,—and he was throwing things around." There was no light in the house. She walked into the room and, taking her second step,

something struck her on the side of the head, causing a severe injury. She called her daughter-in-law. She did not see her son strike her and did not know what struck her "because it was in the dark." Her description was: "He was throwing things around and I guess I happened to run into it."

The officers were called and arrested defendant. They testified defendant told them he had hit his mother with a chair; that he never would hit her again, and also that she owed him $200 and that he did not care.

■ Our rulings are to the effect that the corpus delicti consists of the act or fact or result forming the basis of the charge and, also, that someone is criminally responsible therefor. State v. Joy, 315 Mo. 7, 19, 285 S. W. 489, 494[8]; State v. Schyhart (Mo.), 199 S. W. 205, 211(V); State v. Hawkins (Mo.), 165 S. W. 2d 644, 646 citing cases; 14 Am. Jur. 758, Sec. 6; 23 C. J. S. 181, Sec. 916. Extrajudicial admissions, statements or confessions of an accused are not admissible in evidence without proof of the corpus delicti. State v. Capotelli, 316 Mo. 256, 260, 292 S. W. 42, 43 and cases cited. Consequently, when improperly admitted, extrajudicial confessions are not within themselves sufficient to sustain a verdict of guilty when the confession stands uncorroborated with respect to an essential element of the corpus delicti. State v. Capotelli, supra; State v. Hawkins, supra; State v. Gorden, 356 Mo. 1010, 204 S. W. 2d 713, 715 and authorities cited; State v. Willoby (Mo.), 34 S. W. [21] 2d 7, 8; 23 C. J. S. 182, Sec. 916b; 22 C. J. S. 1248, Sec. 730b; 20 Am. Jur. 1092, Sec. 1242, n 15, also 1085, Secs. 1233, 1234. Consult Gulotta v. United States, 113 F. 2d 683.

■ The information, under the habitual criminal act (Sec. 4854), charged defendant with a felonious assault, on purpose and of malice aforethought, under Sec. 4408, carrying a punishment of not less than two years' imprisonment. (Statutory references are to R. S. 1939 and identical section numbers in Mo. R. S. A.) The jury, under the instructions, found defendant guilty of a lesser offense (Secs. 4844, 4845), i. e., a felonious assault without malice under Sec. 4409, assessing the maximum punishment therefor. A distinguishing element between the higher (Sec. 4408) and the lower (Sec. 4409) grades of felonious assault with intent to kill et cetera is the presence or absence of malice aforethought. State ex rel. Dutton v. Sevier, 336 Mo. 1236, 1238, 83 S. W. 2d 581, 582[1]; State v. Seward, 42 Mo. 206, 208. Consult State v. Watson, 356 Mo. 590, 592[2], 202 S. W. 2d 784, 786[2-4]; instructions Nos. 1, 2, 3 in State v. Tetrick, 199 Mo. 100, 103, 97 S. W. 564, 565. By express words "an assault with intent to kill or to do great bodily harm" is an essential element of the offense defined in Sec. 4409 and of which the jury convicted defendant. State v. Fair (Mo.), 177 S. W. 355[2, 3]; State v. Brown (Mo.), 267 S. W. 871, 872[3]; State v. Stubblefield, 239 Mo.

526, 530(I), 144 S. W. 404, 405(I). Likewise an "intent to kill or maim" et cetera is essential to conviction under Sec. 4408. State v. Martin, 342 Mo. 1089, 1093[2], 119 S. W. 2d 298, 300[2, 5]; State v. Arvin (Mo.), 123 S. W. 2d 182. The Martin case (followed in the Arvin case) set aside the conviction because of a lack of substantial evidence to establish the specific intent essential to uphold the verdict. The court said: "If he [accused] knows the probable consequence of the assault will be to injure any one or all of the persons he sees or otherwise is bound to believe are before him, he will be liable as to any one of them. But if, without his knowledge there be still another person present concealed, as behind a bush or wall for illustration, he would not be liable as to that person for he could have no specific intent as to him. This, we conceive, is the crucial distinction in this case." The facts involved were more favorable to a conviction in State v. Kester (Mo.), 201 S. W. 62[1, 2], which remanded the cause on the stated ground, than in the instant case.

With the statements attributed to defendant by the officers deleted, speculation and conjecture are required to sustain the verdict of guilty, for instance: There is no substantial evidence of any criminal intent on the part of defendant at the time his mother was injured. Her testimony indicates an accident rather than a criminal assault occurred. There is no showing that appellant knew she was in this dark room, or of any bad feelings between defendant and his mother, or of any occasion for him to injure her, or of any intentional act toward her. Injuries result from accidents or negligence as well as from intentional acts accompanied by a specific criminal intent. The criminality of the corpus delicti under Sec. 4409 was not established by competent evidence.

Perhaps one other matter should be noticed. When the State called appellant's wife, the court, upon objection, excused her as a witness. Sec. 4081. Appellant, however, complains of evidence by the officers that, in response to questions asked after they arrived at appellant's home, his wife pointed out to them a kitchen chair and, upon this identification, the admission of the chair as an exhibit. The State claims the evidence competent as part of the res gestae, citing State v. Deviney (Mo.), 278 S. W. 727, 729[6]. That case, and the cases there cited, are readily distinguishable in that they involved acts and statements of coprincipals occurring contemporaneously with the offense. In the instant case, appellant's act was a thing of the past. His wife did not participate therein. There is no showing how she acquired her information. Her statement was not a spontaneous exclamation but was a mere narration of a past event and prompted by questions. It follows that the [22] statement of appellant's wife was not part of the res gestae; that the testimony concerning it was hearsay; and that the State sought to

identify the chair indirectly through her hearsay statement when Sec. 4081 precluded its identification by her direct testimony over objection. Consult: State v. Arnold, 55 Mo. 89, 91; 32 C. J. S. 45, Secs. 417-421; 20 Am. Jur. 564, Secs. 670, 674, 678.

Following the Fair, Martin, Kester and other cases, supra, the judgment is reversed and the cause remanded. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOILING, C., is adopted as the opinion of the court. *Ellison J.,* and *Tipton, P. J.,* concur; *Leedy, J.,* doubtful.