**CITY OF ST. LOUIS (Plaintiff), Respondent,**

v.

**Raymond K. WATTERS (Defendant), Appellant.**

No. 29336.

St. Louis Court of Appeals.

Missouri.

April 17, 1956.

Irl B. Baris, St. Louis, for appellant.

Samuel H. Liberman, City Counselor, W. H. Freivogel, Asst. City Counselor, St. Louis, for respondent.

WOLFE, Commissioner.

The appellant was charged with the violation of a city ordinance which makes it an offense to falsely report a law violation to a police officer of the City of St. Louis. It was specified that he falsely reported that he had been robbed. The trial was to the court, which found him guilty and assessed a fine of $100.

The case for the City consisted of the testimony of two police officers. One of them was officer Marvel, who testified that on January 31, 1955, he heard of a robbery. His words were as follows:

"We heard of a holdup, that happened at 4011 Schiller Place, and upon investigation, we made various Streets and alleys, in the vicinity of Eichelberger and Blow Streets, different stores, we couldn't find, nobody, and that description, we went to this address 4011 Schiller Place, were we met Mr. Watters, and he stated to us, just where, he was in the gangway, in 4011, where he was held up, by a holdup man, he gave us a description of the way, it took place there, we took him, into the district station, for further questioning, he stated to us, that he was employed, as an agent, for the insurance company, he went to his sister's house, there, 4011-A Schiller Place, to check a bill, when he was in the gangway there, he was held up, and he showed us, just how the holdup man, the man held the gun, into his ribs, the money, he gave the hold-up man, the billfold, the hold-up man, took the money out, threw the billfold down on the ground, he went upstairs, he called the police."

The witness further stated that defendant said that he had been robbed of $120. Continuing he testified:

"We questioned him, and we made an investigation, that evening, as to his friends, asked him to go down and to the Bureau of Identification, and look at pictures, well, three days later we took him down to the Bureau of Identification, and he partially identified a man, in the face, as the hold-up man, we asked him, if he was willing to take the polygraph test, which he said he would."

The officer then stated that after the polygraph test had been given the defendant the defendant told them that his prior report of a robbery was false and that he had paid various bills with the money which he had reported stolen.

There was an objection to this testimony on the ground that the confession was not admissible in the absence of proof of the corpus delicti, but the objection was overruled.

The officer was asked on cross-examination if he had taken any action toward investigating the man partially identified by the defendant and he said that he had not. He also said that no check was made to see if the defendant paid any of the bills that he said that he had paid during the day.

Another police officer was called, who added nothing to the testimony given by the first witness.

The defendant moved for a dismissal of the charge on the ground that the City had failed to prove the corpus delicti. This was overruled and the defendant put on no evidence.

There is but one point raised. It is asserted that the court below erred in permitting the police officers to testify about the confession of the defendant. It is contended that the statement made by the defendant that his original report of robbery was false was not admissible in the absence of some independent proof of the corpus delicti and that he cannot be convicted upon the confession alone.

■ The corpus delicti means the body or substance of the crime, and the proof of it in a criminal case requires the introduction of evidence to establish the fact that the crime with which the defendant stands charged has been committed. State v. Hawkins, Mo.Sup., 165 S.W.2d 644; State v. Cooper, 358 Mo. 269, 214 S.W.2d 19; State v. Fitzsimmons, 338 Mo. 230, 89 S.W. 2d 670.

■ The substance of the offense here is that a robbery was reported when none in fact had taken place. The gravamen of the offense is the falsity of the report. This is the corpus delicti. It is established law in Missouri that when the corpus delicti has not been sufficiently proven, an uncorroborated extrajudicial confession of guilt cannot be regarded as evidence tending to show guilt. State v. Capotelli, 316 Mo. 256, 292 S.W. 42; State v. Cooper, supra; State v. Craig, 328 Mo. 938, 43 S.W.2d 413; State v. McQuinn, 361 Mo. 631, 235 S.W.2d 396. Yet this rule does not require full proof of the body of the offense, independent of the confession. If there is evidence of corroborating circumstances independent of the confession, which tends to prove the offense by confirming matters related in the confession, both the corroborating circumstances and the confession may be considered in determining whether or not the corpus delicti has been established. State v. Hardy, Mo.Sup., 276 S.W.2d 90; State v. Page, Mo.App., 192 S.W.2d 577; State v. McGuire, 327 Mo. 1176, 39 S.W.2d 523; State v. Skibiski, 245 Mo. 459, 150 S.W. 1038.

■ In applying this to the facts before us, we find nothing here beyond the bare confession of the defendant which tends to prove that a robbery was falsely reported. Neither is there a single circumstance related in the brief testimony of the police officers which corroborates the confession, such as proof that he spent the money of which he said that he had been robbed.

There appears to be no Missouri case touching upon this question, where the crime charged involved a false statement, but there are some Federal cases relating to persons charged with falsely representing themselves to be citizens of the United States. Gulotta v. United States, 8 Cir., 113 F.2d 683; Fotie v. United States, 8 Cir., 137 F.2d 831; and Warszower v. United States, 312 U.S. 342, 61 S.Ct. 603, 85 L.Ed. 876. All of these cases give recognition to the rule that a confession of the falsity wholly uncorroborated is not sufficient to sustain a conviction. In the Warszower case, supra, 312 U.S. 342, loc. cit. 347, 61 S.Ct. loc. cit. 606, the Supreme Court stated: "The rule requiring corroboration of confessions protects the administration of the criminal law against errors of convictions based upon untrue confessions alone."

■ The consequent conclusion reached from all of the foregoing is that the City failed to make a submissible case against the defendant in that it rested its case entirely upon the defendant's confession. It is therefore the recommendation of the Commissioner that the judgment be reversed and the defendant discharged.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the St. Louis Court of Criminal Correction is accordingly reversed and the defendant discharged.

ANDERSON, P. J., and N. T. CAVE and GEORGE P. ADAMS, Special Judges, concur.