Thomas DUNN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31812.

Missouri Court of Appeals,
Western District.

Sept. 8, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 20, 1981.

Application to Transfer Denied
Dec. 14, 1981.

James W. Fletcher, Public Defender,
Gary L. Gardner, Asst. Public Defender,
Sandra Myers, Certified Law Student, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Steven H.
Akre, Asst. Atty. Gen., Jefferson City, for
respondent.

Before KENNEDY, P. J., and SOMERVILLE, C. J., and SHANGLER, J.

SOMERVILLE, Chief Judge.

By information, Thomas Dunn (movant)
was charged in the Circuit Court of Jackson
County, Missouri, with three counts of robbery in the first degree by means of a
dangerous and deadly weapon (Section 560.-
120, RSMo 1969, and Section 560.135, RSMo
Supp. 1975), three counts of armed criminal
action (Section 559.225, RSMo Supp. 1976),
one count of assault with a deadly weapon
with intent to kill with malice aforethought
(Section 559.180, RSMo 1969), and one count
of assault with intent to do great bodily

harm with malice aforethought (Section 559.180, RSMo 1969).

Movant pled guilty to all eight counts pursuant to a "plea bargain" made with the state for disposition of the multiple charges. The trial court, accordingly, sentenced movant to fifteen years confinement in the Missouri Department of Corrections on each of the eight charges, said sentences to run concurrently.

This appeal lies from a judgment and order of the Circuit Court of Jackson County, Missouri, following an evidentiary hearing, denying in part and granting in part, movant's amended Rule 27.26 motion to vacate all eight sentences. The court below, citing *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980), vacated the sentences imposed on the three armed criminal action charges, but rejected movant's prayer that the sentences imposed on the remaining five charges also be vacated on the ground that he did not knowingly and voluntarily plead guilty thereto.

On appeal movant confines himself to a single point—that the trial court erred in finding that he knowingly and voluntarily pled guilty to the two assault charges (Section 559.180, RSMo 1969) because his testimony at the guilty plea proceeding negated existence of the essential elements of malice aforethought and intent to kill or do great bodily harm. With amazing ease, movant appears to contend that his "involuntary" pleas of guilty to the two assault charges permeated his pleas of guilty to the three robbery charges because of the "plea bargain" he struck with the state so that they too were unknowingly and involuntarily entered.

According to movant's ingeniously conceived argument, his guilty pleas to the two assault charges were not knowingly and voluntarily made, because, citing *Parker v. State*, 608 S.W.2d 543, 545 (Mo.App.1980), the testimonial hiatus above mentioned inexorably rendered them devoid of a "constitutionally required factual basis." Pragmatically viewed, movant's single point is perceived as resting upon the proposition that due to the purported testimonial void

he did not comprehend the nature of the assault charges to which he pled guilty—perforce, he did not knowingly and voluntarily plead guilty to the assault charges.

No quarrel lies with certain legal principles advanced by movant. Malice aforethought is an essential element of an assault proscribed by Section 559.180, RSMo 1969, and is defined as the doing of an act " 'intentionally and without just cause or excuse and after thinking about it beforehand for any length of time.' " *Hardnett v. State*, 564 S.W.2d 852, 854 (Mo. banc 1978). Intent to kill or do great bodily harm is also an essential element of an assault proscribed by Section 559.180, RSMo 1969. *State v. Cooper*, 358 Mo. 269, 214 S.W.2d 19, 21 (1948); and *State v. Bolden*, 494 S.W.2d 61, 65 (Mo.1973).

Movant selectively seizes upon certain parts of his own testimony offered at the guilty plea proceeding to support his claim that he did not understand the nature of the assault charges to which he pled guilty. A resume of the evidence amply demonstrates movant's biased approach. The eight count information was predicated on a series of robberies perpetrated by movant on three patrons of a tavern in Jackson County, Missouri, on July 19, 1978. The transcript of the plea proceedings offered into evidence by movant at the Rule 27.26 evidentiary hearing revealed that movant testified that he was armed with a "Ruger .357 magnum pistol" and shot at and missed a man who entered the tavern while the robberies were in progress. His doing so constituted the basis for the charge of assault with a deadly weapon with intent to kill with malice aforethought (Section 559.-180, RSMo 1969). Immediately after testifying that he shot at and missed the man who entered the tavern during the ensuing robberies, movant sought to exculpate himself from or mitigate criminal responsibility by further testifying that he "wasn't really shooting" at the man but merely "grabbed for him" and while doing so the gun went off. Movant, in essence, argues that he should be given the most favorable view of this contradictory testimony, and, once that

is done, any evidentiary basis to support malice aforethought and intent to kill is eliminated. He then syllogistically argues that he did not knowingly and voluntarily plead guilty to the charge of assault with a deadly weapon with intent to kill with malice aforethought because, under his warped version of his own testimony, his conduct fell short of two of the requisite elements of the charged offense. This argument ignores the basic fact that it was the prerogative of the trial court to view movant's contradictory testimony as self-serving and lacking in credibility. *Andrews v. State,* 607 S.W.2d 762, 763–64 (Mo.App.1980). Concomitantly, it was the prerogative of the trial court, as trier of the facts, to disbelieve the contradictory testimony which movant emphasizes to the exclusion of his previous testimony. *State v. Love,* 546 S.W.2d 441, 455 (Mo.App.1977).

The transcript of the plea proceedings also revealed that following the assault mentioned above, movant testified that he struck another patron of the tavern on the head with the "Ruger .357 magnum pistol" because this other patron was also "acting in a provokish manner" and that he did not want a reoccurrence of what had transpired with the man who previously entered the tavern. This incident constituted the basis of the charge of assault with malice aforethought with intent to do great bodily harm (Section 559.180, RSMo 1969). Movant argues that his self-declared motivation precluded the existence of any evidentiary basis for finding that he struck the patron with specific intent to do great bodily harm with malice aforethought. An argument of like tenor was soundly rejected in *State v. Young,* 570 S.W.2d 324, 326 (Mo.App.1978). There the court found no mitigation of intent to do great bodily harm or lack of malice aforethought due to the fact that defendant chose to hit the victim over the head with a pistol butt rather than shoot him.

It is well established that when an accused in a plea proceeding admits in open court facts which constitute the offense to which he pleads guilty, he is thereafter precluded from nullifying his plea on the assertion that he did not understand the nature of the charge to which he pled guilty. *Ballard v. State,* 577 S.W.2d 932, 934 (Mo.App.1979); and *Lawrence v. State,* 607 S.W.2d 198, 200 (Mo.App.1980). In the instant case testimony of movant other than that which he singles out for emphasis established a factual basis for the essential element of both assault charges and he will not presently be heard to complain that he didn't understand the nature of the assault charges and therefore did not knowingly and voluntarily plead guilty to them. *Ballard v. State, supra;* and *Lawrence v. State, supra.*

After giving movant the benefit of the outer limits of the scope of appellate review of the trial court's denial of post conviction relief, this court stands firmly convinced that the findings, conclusions and judgment of the trial court were not "clearly erroneous" and must be affirmed. Rule 27.26(j). *Vincent v. State,* 607 S.W.2d 815, 815 (Mo.App.1980); and *Bryant v. State,* 608 S.W.2d 101, 102–03 (Mo.App.1980).

Judgment affirmed.

All concur.