THE STATE v. STEVE GLASS, Appellant.—300 S. W. 691.

Division Two, December 12, 1927.

*North T. Gentry,* Attorney-General, and *A. M. Meyer,* Special Assistant Attorney-General, for respondent.

WHITE, J.—The record shows that a jury in the Circuit Court of the City of St. Louis, May 25, 1926, returned a verdict finding the defendant guilty of murder in the second degree and assessing his punishment at imprisonment in the penitentiary for thirty years. Thereafter, motion for new trial was filed and overruled, and sentence .pronounced after according defendant his allocution. The record recites the summoning and swearing of the jury, that the testimony of witnesses was heard, arguments made, instructions received by the jury, the cause submitted and a verdict returned, and all other formal proceedings necessary in the conduct of a trial and the perfection of an appeal. A properly authenticated bill of exceptions appears, which contains the verdict, the motion for new trial, the instructions given, the affidavit for appeal, but no evidence.

I. The appeal was perfected by an "abbreviated or partial transcript" as provided by Section 4102, Revised Statutes 1919, as amended. [Laws 1925, p. 199.] It was amended by appending the following proviso:

"Provided, however, that any abbreviated or partial transcript of the evidence and oral proceedings, in narrative form or otherwise which the defendant or his attorney for the State may agree upon in writing as sufficiently presenting to the appellate court the issues involved on such appeal, shall be deemed and taken as sufficient on such appeal, and shall by the clerk be incorporated in the transcript of the record certified and transmitted by him to the appellate court, instead of the bill of exceptions mentioned above."

Apparently this proviso was an attempt to allow the attorney for the State and the defendant or his attorney to agree upon the "par-

tial transcript'' which would present the issues involved in the appeal, but the expression in the proviso relating to the partial transcript is ''which the defendant or his attorney for the State may agree upon.'' It is evident that some words intended to be inserted were omitted. It should read, ''which the defendant or his attorney (and attorney) for the State may agree upon.''. The words ''and attorney'' in parenthesis, doubtless were inadvertently omitted. We must so understand the expression or it is meaningless.

The Attorney-General objects to the sufficiency of the transcript on the ground that no agreement in writing relating to it exists between the defendant and the attorney for the State. At the end of the transcript we find a statement that the defendant's bill of exceptions was settled, allowed, etc., and this is signed by the judge, by the attorney for the defendant, and by the assistant circuit attorney. The fact that the attorney for the defendant and the attorney for the State each signed the abbreviated transcript sufficiently satisfied the requirements that their agreement be in writing.

In abbreviating the evidence they condensed it to the vanishing point; that is, omitted it altogether. Yet the record presents questions for our consideration.

II. In the motion for new trial it is asserted that the information is defective in that it does not charge that the defendant, Steve Glass, ''killed and murdered'' Vivian Glass.

The information avers in due and approved form that Steve Glass, on the 23rd day of February, 1926, with force of arms, in and upon one Vivian Glass, etc., feloniously, wilfully, deliberately, premeditatedly and with malice aforethought, did make an assault and with a certain razor inflict a mortal wound, etc., from which the said Vivian Glass died on the twenty-third day of February, 1926, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State. All this is set out with sufficient precision and completeness, but the information does not conclude with the old form required in common law indictments and later followed in informations:

''Wherefore the prosecuting attorney aforesaid, upon his oath aforesaid, informs the court that the defendant at the time and in the manner and by the means aforesaid the said Vivian Glass feloniously, wilfully, premeditatedly and of his malice aforethought did kill and murder,'' etc.,

It was held by this Court en Banc, all members concurring excepting GRAVES, J., absent, in Ex parte Keet, 287 S. W. 463, that the formal conclusion thus omitted was no longer necessary under our

practice. The opinion, written by Judge RAGLAND, traces the origin and historical reason for that formal declaration in an indictment, and disposes of the matter thus (1. c. 465):

"Under our law there is no more reason why an indictment for murder should rehearse the ancient formula in conclusion than that it should allege the value of the weapon with which the homicide was committed. It is a mere form, without life or substance, which we have been idolatrously following. If its omission be regarded as a 'defect or imperfection' it is one 'which does not tend to the prejudice of the substantial rights of the defendant upon the merits,' and which therefore does not render the indictment invalid. . . . [Sec. 3908, R. S. 1919.]"

We pointed out in State v. Lee, 303 Mo. 246, that this formal, sonorous conclusion was a part of the habiliments of the charge and performed the same office for the indictment that judicial robes performed for the judges, investing them with apparent dignity, but adding nothing to the weight and soundness of their judgment.

It also furnished to the accused further assurance that he was charged upon proper authority—an assurance no longer necessary in an information, for the State's attorney who signed the information averred that he presented it upon his official oath. After thus applying Section 3908, there is little left of such common-law forms as have been found useless in charging crimes.

III. Some errors are properly assigned in the motion to the rejection and admission of evidence claimed to be incompetent. Since no evidence of any kind is embodied in the abbreviated transcript  for our consideration, and we do not know that any evidence such as that complained of, was introduced or, if it was introduced that it was properly objected to, we are unable to consider the alleged errors. In the absence of a showing to the contrary the trial court is presumed to have acted regularly and correctly upon all matters within the issues.

IV. A further ground in the motion for a new trial is that the instructions given by the court did not cover all the law of the case in that it did not "avail the defendant of all his rights under the law of self-defense." Instruction numbered 1, which covers the whole case and authorizes a verdict, does not mention self-defense. Since no evidence appears in the abbreviated record we cannot know what evidence was offered on that point. The court, however, gave an instruction on self-defense, and, indulging the presumption mentioned in the pre-

ceding paragraph, we may for that reason assume that evidence was offered which justified such an instruction.

It is suggested that the case of State v. Gabriel, 256 S. W. 765, may apply here. In that case it was held that an instruction on murder in the second degree which did not take account of that defense, to support which there was some evidence, was reversible error, and the error was not cured by separate instruction on self-defense. In that case there were no qualifying words in the instruction by which the jury might consider self-defense. It has been held, however, as was noted in the Gabriel case, that where an instruction covering the whole case in a charge of murder in the second degree contains words that negative the element of self-defense it is unnecessary to embody that defense in the instruction. For instance, where an instruction requires the jury to find that the assault and homicide were accomplished "without just cause or provocation" or "on purpose and of malice aforethought." [State v. Helton, 234 Mo. l. c. 565; State v. Wicker, 222 S. W. l. c. 1016-1017.] Here the court, in the instruction objected to, first defined the different words used in describing murder in the first degree, murder in the second degree, and the like, and included the definition of malice as "a condition of mind which prompted a person to intentionally take the life of another without just cause, justification, or excuse." Then the instruction concludes thus: "bearing in mind the definitions heretofore given," of the terms willfully, premeditatedly, and malice aforethought, "if you find, etc. (that the act describing it) "was done wilfully, premeditatedly and with malice aforethought, you" will find the defendant guilty of murder in the second degree. Thus, while the words "without justification or excuse" were brought into the closing paragraph of the instruction by reference to the definitions "heretofore given," it sufficiently negatives the element of self-defense.

Besides, Instruction 1 is immediately followed by Instruction 2, which fully and correctly puts before the jury the theory of self-defense. The instructions were on a printed form, evidently used in the circuit court of St. Louis, and covered several printed pages, with the blanks filled in, applying them to the case in hand. Instruction 1 covers two pages, then follows Instruction 2 on the next page. If the top of the page on which Instruction 2 appears did not have the designation, "No. 2," both would read as one instruction. What difference does it make that the two parts of the instructions are separated by the words, "Instruction No. 2"? It would be absurd to say that the defendant was prejudiced in any way by that particular separation. [State v. Douglas, 312 Mo. l. c. 403-404-5.]

Instructions must be considered as a whole, and it is for the convenience of considering them that they are separately numbered, and

not that such separate numbering gives a different effect. The rule in civil cases ought to apply: that an instruction covering the whole case, and authorizing a verdict without reference to a defense which there is evidence to support, is error, but it is cured if another instruction be given embodying that defense.

V. It is further claimed in the motion that the instruction on manslaughter is indefinite, uncertain, and unduly restricted the defendant's rights, and is a comment upon the evidence. The instruction is in regular form except that it defines manslaughter in the fourth degree. Degrees of manslaughter have been abolished and manslaughter now, under Section 3236, Revised Statutes 1919, is defined to be "every killing of a human being by the act, procurement or culpable negligence of another, not herein declared to be murder, or excusable or justifiable homicide." The expression "manslaughter in the fourth degree" may be rejected as surplusage. The instruction goes on to inform the jury that under the circumstances described, if the defendant was aroused by the actions of Vivian Glass to a sudden passion, which made him incapable of thinking coolly, etc., and while under the influence of that passion and before time for the blood to cool he committed the homicide, then the offense was manslaughter and not murder. There can be no objection to the form of the instruction provided the evidence warranted it. It authorized a verdict for manslaughter in case the homicide was effected in a sudden heat of passion. It did not cover every kind of homicide which might be designated as manslaughter under Section 3236, but in the absence of the evidence we assume there was no evidence of any character justifying an instruction on manslaughter except such as comprehended in that instruction.

The appellant filed no brief in this court, and we have considered the case from the record before us. We might, perhaps, have refused to consider the instructions on self-defense and manslaughter on the ground that no evidence is brought here which shows error in such instructions, but on the presumption that the trial court did its duty we hold that it would not have instructed as it did upon those points unless there was evidence to authorize it. We must assume that the Legislature, by the proviso quoted above in Section 4102, intended to simplify criminal records and expedite the disposition of cases in this court, and for that reason we think a liberal construction should be given to the act. From the record, presenting the information and the verdict, we know what the issues were, and from the recitals we know that evidence was presented on the issues. If the instructions given by the court are in accord with those issues on any state of the evidence we will not find them erroneous. With that view of the matter we find no errors in the record.

The judgment accordingly is affirmed. All concur,